IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RAJFA SARIC, an individual; DAMIR SARIC, an individual; HASAN SARIC, an individual; ISMET SHARICH, an individual, <br><br> Plaintiff, <br><br> v. <br><br> THOMAS DART, Sheriff of Cook County; DEPUTY SHERIFF #1; DEPUTY SHERIFF #2; DEPUTY SHERIFF #3; THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK as Trustee for the Benefit of the Certificateholders of the CWABS Inc., Asset-Backed Certificates, Series 2004-5; CARRINGTON MORTGAGE SERVICES, INC.; WIRBICKI LAW GROUP LLC; CARMEN LUPERA, an individual, <br><br> Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) <br><br> Case No. 23-cv-2031 <br><br> Judge: Joan B. Gottschall |

## DEFENDANT WIRBICKI'S RULE 12(B)(6) MOTION TO DISMISS

Defendant, Wirbicki Law Group LLC ("Wirbicki"), by its undersigned attorneys, pursuant to Federal Rule of Civil Procedure 12(b)(6), requests that the Complaint of Plaintiffs Rajfa Saric, Damir Saric, Hasan Saric, and Ismet Sharich ("Plaintiffs"), be dismissed for failure to state a claim, and in support thereof states as follows:

### Introduction

This is essentially a claim for wrongful eviction against Sheriff Tom Dart and the Cook County Defendants ("Sheriff defendants"). Defendant Wirbicki represented Bank of New York Mellon and Carrington Mortgage Services, LLC ("Lender defendants") in a mortgage foreclosure action pertaining to property located at 9731 Richard Avenue, Franklin Park, Illinois ("the Property"). A judgment was entered in the foreclosure case

1058093\313802281.v1

on April 21, 2017 and an order approving sale was entered on January 16, 2018. The borrower appealed these orders to the First District Appellate Court but failed to post a bond to stay the foreclosure proceedings. The Bank of New York sold the Property to plaintiffs on June 11, 2018 while the appeal was pending.

The First District reversed and vacated the judgment order and order approving sale on March 20, 2019 and remanded the matter back to the trial court. A second foreclosure judgment was entered in favor of Bank of New York on June 17, 2021. A second judicial sale of the Property was held on January 19, 2022, and the Property was sold to defendant Carmen Lupera. An order approving sale and distribution was entered on February 7, 2022, and a judicial deed was issued to Lupera on May 10, 2022.

Illinois law requires the purchaser of a residential property at a judicial sale to provide notice of the purchase to occupants. 735 ILCS 5/15-1508.5. Lupera did not serve plaintiffs with notice of her purchase of the Property or a demand for possession, and the Circuit Court of Cook County entered a Temporary Restraining Order requiring Lupera to return the Property to plaintiffs on that basis.

Illinois law likewise requires that an eviction order authorizing the removal of a person from possession of real estate obtained through a judicial sale be enforced only against those persons personally named in the action. 735 ILCS 5/15-1508(g). Plaintiffs also allege that the Sheriff defendants had a policy in effect against evicting occupants of

2

properties who are not specifically named in a court order. Nevertheless, the Sheriff defendants forcibly removed plaintiffs from the Property on May 16, 2022.

The single count against Wirbicki for Civil Aiding and Abetting Bank of New York and Carrington should be dismissed for a number of reasons. First, Wirbicki, who at all times was acting as the attorney for the Lender defendants, owed no duty of care to plaintiffs. Second, Wirbicki's conduct in representing his clients in the foreclosure proceeding is immune from liability under Illinois' attorney litigation privilege. Third, Lupera's failure to provide plaintiffs with notice of the judicial sale and the Sheriffs' removal of plaintiffs who were not named in the judicial deed were superseding and intervening causes which cut off any liability for Wirbicki.

## Argument

A.    Wirbicki, who at all times was acting as the attorney for the Lender defendants, owed no duty of care to plaintiffs.

Whether an attorney-client relationship exists, which gives rise to a duty of care to a particular person, is a question of law for the court. *Blue Water Partners, Inc. v. Edwin D. Mason, Foley & Lardner,* 2012 IL App (1st) 102165, ¶38.

The Illinois supreme court has recognized the general rule that an attorney is only liable to his client and not to third persons. *Pelham v. Griesheimer,* 92 Ill.2d 13, 19 (1982). A duty owed to third parties in addition to the client in an adversarial proceeding would interfere with the duty of undivided loyalty to the client. *Id.* at 22. Thus, the attorney who represented the mother in a divorce owed no duty to the children, who became the

3

beneficiaries of their father's life insurance policies, to notify the father's employer or insurance company of the provision in the divorce decree. *Id.* at 23. Accord, *Reynolds v. Henderson & Lyman,* 903 F.3d 693, 696 (7th Cir. 2018) ("the only time an Illinois attorney owes a duty of care to a third party is when the attorney was hired for the primary purpose of benefitting that third party") (citation omitted).

Here, Wirbicki was representing the interests of his clients, New York Bank and Carrington, in the underlying mortgage foreclosure proceedings. He could not have owed a duty of care to plaintiffs whose interests were directly adverse to those of the Lender defendants. Thus, Wirbicki cannot be liable to plaintiffs for allegedly failing to notify the court that the Property had previously been sold, and the Complaint should therefore be dismissed.

  B. Wirbicki's conduct in representing his clients in the foreclosure proceeding is immune from liability under Illinois' attorney litigation privilege.

Illinois' attorney litigation privilege is based on section 586 of the Restatement (Second) of Torts, which provides as follows:

> An attorney at law is absolutely privileged to publish defamatory matter concerning another in communications preliminary to a proposed judicial proceeding, or in the institution of, or during the course and as part of, a judicial proceeding in which he participates as counsel, if it has some relation to the proceeding.

Restatement (Second) of Torts § 586 (1977); *O'Callaghan v. Satherlie,* 2015 IL App (1st) 142152, ¶ 24. In *O'Callaghan,* the First District affirmed dismissal of plaintiff's complaint

4

that alleged defendant lawyers committed discovery violations, failed to disclose evidence, concealed evidence, and contrived a bad-faith defense. *Id.* at ¶ 25.

The *O'Callaghan* court found that the public policy[1] underlying the privilege is to provide attorneys with "the utmost freedom in their efforts to secure justice for their clients." *Id.* at ¶ 24 (citation omitted). An attorney's motives are irrelevant, and the lawyer is not required to investigate his or her client's claim for legal sufficiency before taking action. *Id.* at ¶ 25 (citations omitted). No liability will attach even at the expense of uncompensated harm to the plaintiff. *Id.* at ¶ 25 (citations omitted). "Whether an otherwise actionable defamatory statement is protected by absolute privilege is a question of law." *Bushell v. Caterpillar, Inc.,* 291 Ill.App.3d 559, 561 (3d Dist. 1997).

The only requirement for the application of the attorney litigation privilege is that the communication must pertain to proposed or pending litigation. *Scarpelli v. McDermott Will & Emery LLP,* 2018 IL App (1st) 170874, ¶ 19 (citations omitted). There, the First District expanded the scope of the privilege from defamation to an attorney's actions. Thus, the *Scarpelli* court held that the attorney litigation privilege applied to lawyers' pre-litigation conduct in gathering evidence and coercing a settlement where it was done in furtherance of its client's interests. *Id.* at ¶ 27.

---

[1] In addition, a lawyer enjoys a good-faith privilege to advise his or her client. *Schott v. Glover,* 109 Ill.App.3d 230, 235 (1st Dist. 1982) ("Public policy requires that an attorney, when acting in his professional capacity, be free to advise his client without fear of personal liability to third persons if the advice later proves to be incorrect").

1058093\313802281.v1

Moreover, public policy precludes plaintiffs from bringing a separate cause of action against Wirbicki and its clients. *Harris Trust & Sav. Bank v. Phillips*, 154 Ill.App.3d 574, 585 (2nd Dist. 1987) (finding plaintiff has no basis for a civil action against opposing party and its attorneys based on conduct occurring in prior litigation); *accord Johnson v. Johnson & Bell, Ltd.*, 2014 IL App (1st) 122677, ¶ 19 (same). The *Johnson* court ruled that "[t]here is no civil cause of action for misconduct which occurred in prior litigation." *Id*.

The *Phillips* court reasoned that public policy precludes a second lawsuit "because otherwise there would never be an end to litigation [and] it is improper for a trial court to review previous litigation that has gone on before another judge." *Phillips*, 154 Ill.App.3d at 585. Instead, "'[p]etitions to redress injuries resulting from misconduct in judicial proceedings should be brought in the same litigation.'" *Id.;* accord *O'Callaghan*, 2015 IL App (1st) 142152 at ¶ 28 ("parties should attempt to redress injuries from misconduct in judicial proceedings in the same litigation").

In this case, Wirbicki's liability arises solely from his conduct in representing his clients, New York Bank and Carrington, in the foreclosure litigation. Specifically, plaintiffs allege that, "Defendant Wirbicki failed to notify the circuit court that the Subject Property had previously been sold and that plaintiff in the foreclosure action no longer had any rights or interest in the property." (Pltf. Cplt., ¶¶ 110-11, 113). However, Wirbicki is immune from liability for conduct in connection with representing the Lender defendants under the attorney litigation privilege. There can be no question that

6

Wirbicki's statements and claimed omissions pertained to the foreclosure litigation. The Complaint should, accordingly, be dismissed.

> C.    Lupera's failure to provide plaintiffs with notice of the judicial sale and the Sheriff defendants' violation of Illinois law and its own policy not to evict occupants who are not specifically named in a court order were superseding and intervening causes.

A "superseding cause" is a natural force or act of a third party that intervenes between the defendant's tortious conduct and the injury at issue to absolve the defendant of liability. *Thomas v. Khoury*, 2021 IL 126074, ¶ 5 (Dec. 16, 2021). In such a situation, both the tortious aspect of the defendant's conduct and the superseding cause are causes in fact of the injury, but for reasons of fairness, the defendant's conduct is no longer considered a legal cause, and the defendant is absolved of liability. *Id.* (citing *Bentley v. Saunemin Township*, 83 Ill.2d 10, 15 (1980)).

Courts also distinguish between a cause and a condition that makes a plaintiff's injury more possible. The condition is not, as a matter of law, the proximate cause of injuries where there is a superseding cause. *Cannon v. Commonwealth Edison Co.*, 250 Ill.App.3d 379, 382 (1st Dist. 1993); *Barham by & Through Barham v. Knickrehm*, 277 Ill.App.3d 1034, 1038-39 (3d Dist. 1996). This analysis applies with equal force in a § 1983 action. *Carrillo v. City of Chicago*, 2013 U.S. Dist. LEXIS 32036, *22-23 (N.D. Ill.).

Illinois law provides that the purchaser of a residential property at a judicial sale shall provide written notice to persons occupying the property with 21 days of a judicial deed being issued. 735 ILCS 5/15-1508.5. A purchaser who fails to comply with this

statute may not terminate a tenant's occupancy except by supplemental order pursuant to 735 ILCS 5/15-1701(h) or eviction order pursuant to 735 ILCS 5/Art. IX. *Id.* Lupera failed to obtain either order to evict the Plaintiffs. Thus, the Circuit Court of Cook County found that Lupera failed to serve plaintiffs with notice of her purchase of the Property or a demand for possession, and granted a Temporary Restraining Order[2] in favor of plaintiffs. Judge Chupack's June 23, 2022 Order is attached as Exhibit A.

Moreover, the Sheriff completed the eviction pursuant to the February 7, 2022 foreclosure order per 735 ILCS 5/15-1508 which named only Fikret Veljacic as a party in possession (*See,* Pltf. Cplt., Exhibit 5), and not pursuant to an order under 735 ILCS 5/15-1701(h) or eviction order under 735 ILCS 5/Art. IX. Section 5/15-1508(g) specifically provides that an eviction order authorizing the removal of a person from possession of property purchased at a judicial sale "shall be entered and enforced only against those persons personally named as individuals in the complaint or the petition . . . An order shall not be entered and enforced against any person who is only generically described as an unknown owner or nonrecord claimant or by another generic designation in the complaint." 735 ILCS 5/15-1508(g).

Plaintiffs likewise allege in their Complaint that:

At the time of the eviction, Defendant Dart had a policy and practice in cases arising out of the Illinois Mortgage Foreclosure Act or the Eviction

---

[2] This Court may take judicial notice of pleadings and orders filed in related cases. *Berry v. Illinois Dep't of Human Servs.*, 2001 U.S. Dist. LEXIS 1041 (N.D. Ill.), *7.

Act, of taking no action against occupants of properties unless they were specifically named in a court order allowing the removal from possession of specific property or an order allowing the eviction of unknown occupants pursuant to the Illinois Mortgage Foreclosure Law or the Eviction Act.

(Pltf. Cplt., ¶ 48). Plaintiffs claim that the "policy has been in effect for many years . . ."

(Pltf. Cplt., ¶ 49).

In representing the Lender defendants in the foreclosure proceedings, Wirbicki had no reason to foresee that Lupera would fail to serve plaintiffs with the statutorily required notice of her acquisition of the Property at a judicial sale or obtain an eviction order against the Plaintiffs *and* that the Sheriff would fail to comply with the statute requiring that post-foreclosure evictions only be completed against parties named in a eviction order in violation of the law and its own long-standing policy. Thus, the conduct of Lupera and the Sheriff are superseding, intervening causes that cut off Wirbicki's liability, and the Complaint should be dismissed.

9

WHEREFORE, Defendant, Wirbicki Law Group LLC, pursuant to Federal Rule of Civil Procedure 12(b)(6), requests that the Complaint of Plaintiffs Rajfa Saric, Damir Saric, Hasan Saric, and Ismet Sharich, be dismissed, and for such further relief as the Court deems to be just and equitable.

Respectfully submitted,

HINSHAW & CULBERTSON LLP

/s/ *Matthew R. Henderson*
Matthew R. Henderson

Matthew R. Henderson
Johnathon C. Koechley
Hinshaw & Culbertson LLP
151 North Franklin Street
Suite 2500
Chicago, IL 60606
Telephone: 312-704-3000
mhenderson@hinshawlaw.com
jkoechley@hinshawlaw.com

# Exhibit A

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - CHANCERY DIVISION

| | | |
|---|---|---|
| The Bank of New York Mellon FKA<br>The Bank of New York as Trustee for the benefit of<br>the Certificate Holders of the CWABS Inc.,<br>Asset-backed Certificates, Series 2004-5;<br><br>    Plaintiff,<br><br>v.<br><br>Fikret Veljacic; Unknown Heirs and legatees of<br>Fikret Veljacic, if any; Unknown Owners and<br>Non-record Claimants,<br><br>    Defendants, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 12 CH 29443<br><br>Calendar 57 |
| Ismet Sharich, Hasan Saric, Damir Saric, and<br>Rafja Saric,<br><br>    Petitioners,<br><br>The Bank of New York Mellon FKA<br>The Bank of New York as Trustee for the benefit of<br>the Certificate Holders of the CWABS Inc.,<br>Asset-backed Certificates, Series 2004-5; Fikret Veljacic;<br>Unknown Heirs and Legatees of Fikret Veljacic; and<br>Carmen LuPera.<br><br>    Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |

**ORDER**

This matter coming to be heard on Petitioners, Ismet Sharich, Hasan Saric, Damir Saric
and Rajfa Saric ("Petitioners") Emergency Motion for Temporary Restraining Order and Hearing
on 2-1401 Petition, being heard with notice having been given to all Parties, Petitioners and
Plaintiffs appearing through counsel and Carmen LuPera ("LuPera") appearing individually, a
Spanish court interpreter being present for her and LuPera being placed under oath and, and the
Court being fully advised in the premises;

IT IS HEREBY ORDERED THAT:

1.      Petitioners' Emergency Motion for Temporary Restraining Order and Hearing on 2-1401 Petition is GRANTED.

2.      Based on the Affidavit of Damir Saric, and LuPera testifying that she neither served Petitioners with notice of her purchase of the Property nor with a demand for possession, this Court finds that:

a.  Petitioners have established a protective right in the real property commonly known as 9731 Richard Ave., Franklin Park, Illinois 60131 (the "Property") and legally described as:

LOT 166 IN REUTER'S PARK ADDITION, BEING A SUBDIVISION OF THAT PART OF THE NORTHEAST ¼ OF THE SOUTHEAST ¼ OF SECTION 28, TOWNSHIP 40 NORTH, RANGE 12, EAST OF THE THIRD PRINCIPAL MERIDIAN, LYING SOUTH OF A LINE WHICH IS 215.5 FEET SOUTH OF MEASURED AT RIGHT ANGLES TO THE SOUTH LINE OF GRAND AVENUE, IN COOK COUNTY, ILLINOIS

Commonly known as: 9731 Richard Avenue, Franklin Park, IL 60131

PIN 12-28-426-008-0000

b.  Petitioners have established a protective right in the personal property located at the Property as of May 16, 2022, including, but not limited to furniture, clothing, fixtures, personal documents and papers (the "Personal Property").

c.  That Lupera failed to comply with the Illinois Mortgage Foreclosure Law (the "IMFL") in evicting Petitioners from the Property, including LuPera's failure (i) to ascertain the identities of the occupants of the Property and notifying the occupants of her purported ownership in violation of §15-1508.5(a) of the IMFL and (ii) to serve a demand for possession, and, as a result, Petitioners have a likelihood of success on the merits of their claim against Respondent LuPera that they were wrongfully evicted from the Property on May 16, 2022,

d.  Petitioners will suffer an irreparable harm if the Property and/or Personal Property are wasted, dissipated, encumbered, sold, transferred, conveyed, or otherwise appropriated by Respondent LuPera, and

e.  Petitioners have an inadequate remedy at law.

2

3.      The Court takes notice that Petitioners have occupied the Property under the belief that they were its owners for approximately five years prior to the Sheriff evicting them and that LuPera has failed to establish that the Property is her primary residence. In fact, notice of this hearing was sent to and received by LuPera at a different address. In balancing the equities of the parties, the Court believes that it is more equitable to restore possession of the Property to Petitioners.

4.      Based on the foregoing findings, Petitioners' Emergency Motion for Temporary Restraining Order and Hearing on 2-1401 Petition is GRANTED as follows:

a.      A Temporary Restraining Order is entered prohibiting LuPera, and any person or entity acting for, by or through LuPera, from encumbering, selling, leasing, transferring, conveying, disbursing, disposing, appropriating, altering, improving, engaging in any construction or demolition, or in any way interfering with Petitioners' access to, possession of, or right to peaceably use and enjoy, the Property and/or the Personal Property.

b.      LuPera, and any person or entity acting by, for or through LuPera, including but not limited to her relatives, is ordered to immediately vacate, and turnover to Petitioners possession of the Property, together with all Personal Property that was at the Property as of May 16, 2022.

c.      The turnover of possession shall occur by LuPera delivering all of the keys to the Property to Petitioners at a meeting between Petitioners and LuPera in the lobby of the Franklin Park, Illinois Police Department at 7:00 p.m. on June 29, 2022. LuPera shall meet Petitioners at the Property at 7:00 p.m. on June 23, 2022, and allow Petitioners and their representatives access to the Property to inventory all Personal Property.

d.      If LuPera does not appear or turnover all of the keys at the above-scheduled date and time, then Petitioners may change the locks on the Property.

5.      This Temporary Restraining Order shall remain in effect pending a Preliminary Injunction Hearing and further Order of this Court.

(continued on next page)

3

6.    This matter is set for status on July 8, 2022, at 9:45 a.m. before Judge Joel Chupack or any Judge sitting in his stead in the court room usually occupied by him in courtroom 2809 of the Richard J. Daley Center, 50 W. Washington St. Chicago, IL 60602, without further notice via Zoom:

**Join Zoom Meeting:**
URL: https://circuitcourtofcookcounty.zoom.us/
Zoom Meeting ID: 966 5421 6984
Password: 816216

**One tap mobile**
+13126266799,,96654216984# US (Chicago)
Dial by your location +1 312 626 6799 US (Chicago)
Meeting ID: 966 5421 6984
Password: 816216

ENTERED:

ENTERED
Judge Joel Chupack   2227
June 23, 2022
IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

*Joel Chupack*    2227
Judge

Prepared by:
Melissa J. Lettiere (ARDC #: 6291738)
PLUNKETT COONEY, P.C.
221 N. LaSalle Street, Suite 3500
Chicago, Illinois 60601
(312) 970-3434
Attorney No. 61262
mlettiere@plunkettcooney.com

Klein Daday Aretos & O'Donoghue, LLC
1051 Perimeter Dr. Suite 300
Schaumburg, IL 60173
224-265-4337
sdaday@kdaolaw.com
notices@kdaolaw.com

Open.26690.22250.29095508-1

4