**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Rajfa Saric, an individual; Damir Saric, an individual; Hasan Saric, an individual; Ismet Sharich, an individual, | ) ) ) ) | |
| | ) | Case No. 1:23-cv-02031 |
| Plaintiffs, | ) ) | |
| | ) | Honorable Judge Joan B. Gottschall |
| v. | ) ) | |
| | ) | Honorable Magistrate Judge Jeffrey |
| Thomas Dart, Sheriff of Cook County; Deputy Sheriff Robert Romero; Deputy Sheriff Israel Villasenor; Deputy Sheriff Wanda E. Munoz; Deputy Sheriff Marvin Marin; Cook County; The Bank of New York Mellon FKA The Bank of New York as Trustee for the Benefit of the Certificateholders of the CWABS Inc., Asset-Backed Certificates, Series 2004-5; Carrington Mortgage Services, LLC; Wirbicki Law Group LLC; Carmen Lupera, an individual, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Cummings |
| Defendants. | ) | |

**DEFENDANTS BONY AND CARRINGTON'S MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Defendants, The Bank of New York Mellon FKA The Bank of New York as Trustee for the Benefit of the Certificateholders of the CWABS Inc., Asset-Backed Certificates, Series 2004-5 ("BONY") and Carrington Mortgage Services, LLC ("Carrington"), by their counsel, submit their memorandum of law in support of their motion to dismiss Plaintiffs, Rajfa Saric, Damir Saric, Hasan Saric, and Ismet Sharich's ("Plaintiffs"), Complaint, pursuant to Fed. R. Civ. P. 12(b)(6) and Local Rule 7.1.

**INTRODUCTION**

This Court should dismiss Plaintiffs' Complaint against Defendants because their claims

stem from an Illinois foreclosure action to which they were parties and that case has been decided on the merits. As a result, the doctrines of collateral estoppel and *res judicata* bar the claims and issues that the foreclosure court decided and the claims that it could have decided. For this reason alone, this Court should dismiss Plaintiffs' claims with prejudice as to BONY and Carrington.

Additionally, for the reasons described below, all these claims also fail as a matter of law.

Accordingly, this Court should dismiss the Complaint with prejudice as to BONY and Carrington pursuant to Fed. R. Civ. P. 12(b)(6).

## BACKGROUND

On April 29, 2004, America's Wholesale Lender extended a $140,000.00 loan ("Loan") to Fikret Veljacic ("Veljacic"). A mortgage ("Mortgage") recorded on May 26, 2004 with the Cook County, Illinois Recorder of Deeds against the real property located at 9731 Richard Ave., Franklin Park, Illinois 60131 ("Property") secured the Loan.

The Mortgage was assigned to BONY via an Assignment of Mortgage ("AOM") dated April 11, 2012, and recorded on April 18, 2012.

Upon default, BONY filed a foreclosure complaint against Veljacic in the Circuit Court of Cook County, Illinois County Department, Chancery Division ("Foreclosure Court"), Case No. 12CH29443 ("Foreclosure Action").

On April 21, 2017, a judicial sale was held, wherein BONY was the highest bidder for the Property ("First Foreclosure Sale"). The Foreclosure Court confirmed the First Foreclosure Sale via an order entered on January 16, 2018 ("2018 OAS") (Ex. 1 to Compl.), and the Property was conveyed to BONY.

On February 13, 2018, Veljacic filed a notice of appeal of the 2018 OAS. On March 1, 2018, Veljacic separately filed a motion to stay enforcement of the judgment. On April 2, 2018,

the Foreclosure Court denied that motion. (Ex. 2 to Compl.). On April 25, 2018, the appellate court also denied this motion (Ex. 3 to Compl.).

While the appeal was pending, on June 8, 2018, BONY, through its servicing agent Carrington, sold the Property to Plaintiffs through an online auction. BONY conveyed the Property to Plaintiffs by a Special Warranty Deed dated June 11, 2018, and recorded on July 5, 2018, with the Cook County, Illinois Recorder of Deeds ("Special Warranty Deed") (Ex. 4 to Compl.).

On March 20, 2019, the appellate court vacated the order granting summary judgment and the 2018 OAS and remanded the case for further proceedings.

On May 14, 2021, the Foreclosure Court once again entered an order for judgment of foreclosure in favor of BONY. On January 19, 2022, a second judicial sale was held ("Second Foreclosure Sale"), but this time, Carmen LuPera ("LuPera"), was the highest bidder at the sale.

On February 7, 2022, the Foreclosure Court entered an Order Approving Foreclosure Report of Sale and Distribution and Order that directed the Sheriff of Cook County to evict Veljacic from the Property and place "the successful bidder" in possession of the Property ("2022 OAS") (Ex. 5 to Compl.).

As a result of the 2022 OAS, a second Judicial Sale Deed was issued on February 23, 2022, and recorded on May 10, 2022, conveying the Property to LuPera ("LuPera Deed") (Ex. 6 to Compl.).

In their Complaint, Plaintiffs allege that, on May 16, 2022, the Cook County Sheriff's Office appeared at the Property, broke down the door and wrongfully evicted them from the Property ("Eviction"). *See* Compl., ¶ 36.

Plaintiffs also assert that they had no notice of any activity that occurred in the foreclosure action from June 11, 2018, through May 15, 2022. *See* Compl., ¶ 36.

On June 17, 2022, Plaintiffs filed their 2-1401 Petition to Vacate the Second Foreclosure Sale and to quiet title in the Property in favor of Plaintiffs ("1401 Petition"). A true and correct copy of the 1401 Petition is attached hereto as **Exhibit A** (with accompanying attachments omitted). The 1401 Petition also sought possession of the Property and the return of all personal property removed from the Property. *Id.* The 1401 Petition also alleged as Plaintiffs do to support their claims here that Defendants did not provide them with notice of relevant activity in the Foreclosure Action, that they were wrongly evicted, that this caused them damages by displacing them and wrongfully taking their real and personal property. *Id.*

The Foreclosure Court issued an order granting the 1401 Petition on September 16, 2022 ("Order to Quiet Title"). A true and correct copy of the Order to Quiet Title is attached hereto as **Exhibit B**.

## LEGAL STANDARD

In ruling on a motion to dismiss under Rule 12(b)(6), the court accepts as true all well-pleaded facts alleged in the complaint, and it draws all reasonable inferences from those facts in the plaintiff's favor. *Sanner v. Bd. of Trade*, 62 F.3d 918, 925 (7th Cir. 1995). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and quotations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). To survive a Rule 12(b)(6) motion, a complaint must "not only provide the defendant with fair notice of the claim's basis but must also establish

that the requested relief is plausible on its face." *Harris v. Illinois*, 753 F.Supp.2d 734, 738 (N.D. Ill. 2010).

Additionally, dismissal under 12(b)(6) is appropriate where "it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law" pursuant to *res judicata* or collateral estoppel. *See Conoco, Inc. v. Roll Int'l,* 231 F.3d 82 (2d. Cir. 2000); *Salahuddin v. Jones*, 992 F.2d 447, 449 (2d Cir. 1993).

A court may consider documents attached to a motion to dismiss without converting it into a motion for summary judgment in certain instances. First, a court may consider documents that are critical to the complaint and referred to in it under the incorporation by reference doctrine. *See Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012). This is a liberal rule, especially where the validity of the materials is undisputed. *See Mueller v. Apple Leisure Corp.*, 880 F.3d 890, 895 (7th Cir. 2018) (*citing Hecker v. Deere & Co.*, 556 F.3d 575, 582 (7th Cir. 2009)).

Second, the court may consider facts that are properly subject to judicial notice under Federal Rule of Evidence 201(b). *See Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018). Such facts must be both "not subject to reasonable dispute" and either "generally known within the territorial jurisdiction of the trial court" or "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). This includes findings of fact from another court proceeding. *See Daniels v. Cook Cty.*, 833 F.3d 728, 742 (7th Cir. 2016).

Under both criteria, this Court can consider the exhibits attached to this Motion. First, the exhibits are court orders and filings from the Foreclosure Action that Plaintiffs' factual allegations implicitly reference, and these documents are critical to understanding Plaintiffs' claims. Second,

the exhibits are accurate because they were filed in a public court proceeding.

## ARGUMENT

## I.     Collateral Estoppel and *Res Judicata* Bar Plaintiffs' Claims.

The doctrines of collateral estoppel and *res judicata* bar Plaintiffs' claims against BONY and Carrington.

Where a state court issued a prior judgment, the collateral estoppel of that state governs. *Gambino v. Koonce*, 757 F.3d 604, 608 (7th Cir. 2014). Because the Foreclosure Court is an Illinois state court, Illinois collateral estoppel law applies. Collateral estoppel in Illinois requires the following: "(1) a prior case presented an identical issue; (2) the case ended in a final judgment on the merits; and (3) the party against whom estoppel is asserted was a party in the prior case." *Thazhathuputhenpurac v. Abraham (In re Abraham)*, 582 B.R. 202, 211 (Bankr. N.D. Ill. 2018).

Similarly, res judicata applies when there is: "(1) an identity of the parties or their privies; (2) an identity of the cause of action; and (3) a final judgment on the merits in the earlier action." *Johnson v. Cypress Hill*, 641 F.3d 867, 874 (7th Cir. 2011) (*quoting Prochotsky v. Baker & McKenzie*, 966 F.2d 333, 334 (7th Cir. 1992).

"Res judicata prohibits parties 'from re-litigating issues that were or could have been raised in' a previous action in which there was final judgment on the merits." *Johnson*, 641 F.3d at 874 (citing *Highway J Citizens Group v. U.S. Dep't of Transportation*, 456 F.3d 734, 741 (7th Cir. 2006)). Res judicata embodies the principle that "claims 'based on the same, or nearly the same, factual allegations' must be joined," *Roboserve, Inc. v. Kato Kagaku Co*., Ltd., 121 F.3d 1027, 1034 (7th Cir. 1997). Thus, a prior final judgment can foreclose "litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit." *Migra v. Warren City School District Board of Education*, 465 U.S. 75, 77 n.1, 104 S. Ct. 892, 79

L. Ed. 2d 56 (1984).

Collateral Estoppel applies to the conversion, trespass, and trespass to chattels claims as to Defendants because the Foreclosure Action presented identical issues, including in the briefing the 1401 Petition concerning the Property sale and eviction that Plaintiffs complain about. Moreover, the Foreclosure Court entered a final judgment on the 1401 Petition. Finally, Plaintiffs were parties to the Foreclosure Action. Thus, all the elements of collateral estoppel apply here.

Moreover, Res Judicata applies to these claims for similar reasons: Plaintiffs, BONY, and Carrington were parties to the Foreclosure Action and they are parties in this action, Plaintiffs sue for the same injuries arising out of the eviction that was the focus of their 1401 Petition, and there was a final judgment on the merits on the 1401 Petition in the Foreclosure Action.

Moreover, res judicata bars Plaintiffs claims that they may not have previously raised, including their breach of Special Warranty Deed and violation of the ICFA claims, because Plaintiffs could have alleged them in the Foreclosure Action. "Two claims are one for purposes of res judicata if they are based on the same, or nearly the same, factual allegations." *Tartt v. Northwest Community Hospital*, 453 F.3d 817, 822 (7th Cir. 2006); see also *Bethesda Lutheran Homes & Services, Inc. v. Born*, 238 F.3d 853, 857 (7th Cir. 2001) (For res judicata purposes, "a claim is not an argument or a ground but the events claimed to give rise to a right to a legal remedy"). Plaintiffs plainly use the same core factual allegations to support all their claims that arise out of the dispute over the sale of the Property that the parties litigated in the Foreclosure Action. Plaintiffs could and should have raised all claims they may have had in the Foreclosure Action, including any breach of Specialty Warranty Deed or ICFA claim. They did not. Thus, res judicata bars Plaintiffs alleged breach of Specialty Warranty Deed and ICFA claims. *Tartt*, 453 F.3d at 822; *Born*, 238 at 857; *Johnson*, 641 F.3d at 874; *Highway J Citizens Group*, 456 F.3d at

74; *Roboserve, Inc*, 121 F.3d at 1034; *Migra*, 465 U.S. at 77 n.1.

Accordingly, collateral estoppel and *res judicata* apply to Plaintiffs' claims against BONY and Carrington and act as a complete bar to these claims as to BONY and Carrington.

## II.     Plaintiffs' Breach of Special Warranty Deed Claim Fails (Count III).

Plaintiffs' first cause of action against BONY and Carrington is for breach of Special Warranty Deed.  Plaintiffs complain that BONY and Carrington breached the Special Warranty Deed by "failing to advise" them of various developments in the Foreclosure Action, *see* Compl., ¶¶ 72-74, "failing to advise" the appellate court of the Property sale to Plaintiffs, *see* Compl., ¶ 73, and "pursuing the foreclosure action following the appeal." *Id*., at ¶ 75.

"A special warranty deed is 'a deed in which the grantor covenants to defend the title against only those claims and demands of the grantor and those claiming by and under the grantor.'" *Chi. Title Ins. Co. v. Aurora Loan Servs., LLC,* 2013 IL App (1st) 123510 ¶15.  Thus, "a special warranty is a limited form of warranty and recovery is only available if the defect in title occurs because of an act of the grantor" but this limited warranty "does not render the grantor liable for defects in the title based on events that transpired when the property was in the hands of a prior titleholder." *Id.* Unlike a general warranty deed, a special warranty deed is not a guarantee against all potential claims or defects in title.

Initially, Carrington is not a party to the Special Warranty Deed and has no liability arising from it. Thus, this Court should dismiss this claim asserted against Carrington.

This Court should also dismiss this claim as to BONY for three reasons.  First, the Foreclosure Action already granted Plaintiffs' 1401 Petition in the Foreclosure Action and vacated the Second Foreclosure Sale.  Thus, Plaintiffs' title to the Property is valid as guaranteed under the Special Warranty Deed.  There is no breach at this time, and Plaintiffs have not been damaged.

Second, Plaintiffs do not allege that BONY did not provide them with clean title to the Property. The Foreclosure Court already determined that the LuPera Deed to the Property was invalid. Multiple courts examining special warranty deeds have found that a "lawful claim" applies to those interests "recognized by law as supported by a rightful, and superior, interest." *See McCausey v. Ireland*, 253 Mich. App. 703, 708 (2002); *see also Keilbach v McCullough*, 669 N.E.2d 1052 (Ind App. 1996); *Omega Chem Co, Inc v Rogers*, 246 Neb 935, 944 (1994); *Jablonski v Buckeye Development Corp*, 597 So. 2d 905, 906 (Fla App, 1992); *Bridges v Heimburger*, 360 So. 2d 929, 932 (Miss, 1978); A.*C. Drinkwater, Jr, Farms, Inc v Ellot H Raffety Farms, Inc*, 495 S.W.2d 450, 457 (Mo App, 1973); *Elliott v Elliott*, 252 Ark 966, 972-973 (1972); *Simonton v Taylor*, 306 S.W.2d 775, 779 (Tex. Civ. App, 1957); *Eggers v Mitchem*, 240 Iowa 1199, 1201-1202 (1949); *Nat'l Bank of Decatur v Jack*, 334 Ill App 186, 188 (1948). Consequently, Plaintiffs' own actions thwarted any claim under the Special Warranty Deed against BONY.

Third, the Special Warranty Deed did not require BONY to advise Plaintiffs of developments in the Foreclosure Action or to advise the appellate court of the Property's ownership status, nor did the Special Warranty Deed prohibit BONY from pursuing the Second Foreclosure Sale consistent with a court order authorizing the sale. Notably, Plaintiffs do not allege that they ever demanded that BONY defend them or take any action against the claims of Veljacic or LuPera challenging their title to the Property.

Moreover, the economic loss doctrine bars Plaintiff's prayer for emotional distress damages for this claim. *See e.g. U.S. Data Corp. v. RealSource, Inc.,* 910 F.Supp.2d 1096, 1107 (N.D. Ill. 2012); *Meadowworks, LLC v. Linear Mold & Eng'g, LLC,* Case No. 19-cv-7896, 2020 U.S. Dist. LEXIS 127901, *10-11 (N.D.Ill. July 21, 2020) (*Moorman* doctrine bars bringing tort claims for economic losses arising from breach of contract claims); *Moorman Mfg. Co. v. National*

*Tank Co.,* 91 Ill. 2d 69, 435 N.E.2d 443, 448-49, 61 Ill. Dec. 746 (Ill. 1982). This is because no plaintiff in Illinois may recover in tort solely due to frustrated contractual expectations, as Plaintiffs allege here.

Thus, for all these reasons, this Court should dismiss the breach of Special Warranty Deed claim with prejudice as to BONY and Carrington.

### III. Plaintiffs' ICFA Claim Fails as to BONY and Carrington (Count IV).

This Court should dismiss Plaintiff's alleged violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/2 claim because the ICFA does not apply to "garden variety" breach of contract claims such as what Plaintiff is alleging here. *See e.g.*, *Overstreet v. CIT Mortg. Home Loan Trust 2007-1*, 2017 U.S. Dist. LEXIS 37715 at *13 (N.D. Ill. 2017), (citing *Greenberger v. GEICO Gen. Ins. Co*., 631 F.3d 392, 399 (7th Cir. 2011).

Plaintiffs allege that BONY and Carrington violated the ICFA because they "engaged in a series of deceptive acts," including giving the Special Warranty Deed to Plaintiffs when they "knew or should have known that the orders entered in the Foreclosure were the subject of a pending appeal," failing to inform Plaintiffs that the 2018 OAS had been appealed, failing to inform the appellate court and Foreclosure Court of the Property sale to Plaintiffs, and continuing to litigate the Foreclosure Action "with the knowledge that the Subject Property had already been sold to a bona fide third party purchaser.." *See* Complaint, ¶¶ 81-82.

Plaintiffs also allege that BONY and Carrington "engaged in unfair practices" by failing to maintain appropriate safeguards to "ensure that property sold to third parties would not continue through the foreclosure process." *See* Compl., ¶ 83.

A valid ICFA claim based on allegedly deceptive acts "requires (1) a deceptive act or

practice by the defendant, (2) the defendant's intent that the plaintiff rely on the deception, (3) the occurrence of the deception in a course of conduct involving trade or commerce, and (4) actual damage to the plaintiff that is (5) a result of the deception." *De Bouse v. Bayer AG*, 235 Ill. 2d 544, 550 (2009). An ICFA claim based on deceptive acts must be plead with specificity. *See Connick v. Suzuki Motor Co*., 174 Ill. 2d 482, 501 (1997); *see also, Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.,* 631 F.3d 436, 446 (7th Cir. 2011).

To determine whether a business practice is unfair under the ICFA, the court considers whether (1) the practice offends public policy; (2) it is immoral, unethical, oppressive, or unscrupulous; and (3) it causes substantial injury to consumers. *Robinson v. Toyota Motor Credit Corp.*, 201 Ill. 2d 403, 417-418,775 N.E.2d 951, 960 (IL 2002) .

Courts have made it abundantly clear that the ICFA does not "apply to every contract dispute or to supplement every breach of contract claim with a redundant remedy." *See Golbeck v. Johnson Blumberg & Assocs., LLC,* Case No. 16-cv-6788, 2017 U.S. Dist. LEXIS 112493, at *39 (N.D. Ill. July 19, 2017) (quoting *Greenberger,* 631 F.3d at 399); *Avery v. State Farm Mut. Auto. Ins. Co.,* 835 N.E.2d 801, 804 (Ill. 2005) ("A breach of contractual promise, without more, is not actionable under the [ICFA].").  Instead, the plaintiff must allege "unfair or deceptive conduct that is distinct from the alleged breach of a contractual promise." *Id.*

Here, Plaintiffs' ICFA claim fails because it merely repeats the Breach of Special Warranty Deed count and fails to allege any conduct distinct from the alleged breach of contract.  The law in Illinois and in this district is clear that an alleged ICFA that repeats the allegations of a breach of contract claim fails. *See Golbeck,* 2017 U.S. Dist. LEXIS 112493, at *39. The alleged deceptive and unfair acts are the same as those complained of in Plaintiffs' Breach of Special Warranty Deed claim, that BONY and Carrington failed to properly advise Plaintiffs and the courts and that they

improperly proceeded with the Foreclosure Action after the appeal and remand.

Moreover, Plaintiffs wrongly lump the Defendants together when alleging their ICFA claim without regard to whether the conduct is attributed to one or more parties. Under the plain language of the statute, private actions under ICFA can only be asserted against the person that "committed" the violation. *See* 815 ILCS 505/10a(a); *Zekman v. Direct Amer. Marketers, Inc.*, 182 Ill. 2d 359, 370, 695 N.E.2d 853, 859 (1998). *Accord*, *Weis v. State Farm Mut. Auto. Ins. Co.*, 333 Ill. App. 3d 402, 409, 776 N.E.2d 309, 313-314 (2nd Dist. 2002). Thus, the Illinois Supreme Court has repeatedly and consistently held that private ICFA claims can only be asserted against the actual perpetrator of the fraud, meaning the person or entity whose fraud is "active and direct." *See, e.g., Jackson*, 197 Ill. 2d at 52, 755 N.E.2d at 470; *Zekman*, 182 Ill. 2d at 370, 695 N.E.2d at 859.

Moreover, a plaintiff asserting a claim under ICFA must plead the defendant's "active and direct" participation in the supposed fraud with specificity and particularity. *See, e.g., Connick v. Suzuki Motor Co.*, 174 Ill. 2d 482, 501 (1997). "Conclusory allegations of actual knowledge are 'at best nothing more than a claim that [the defendant] knowingly received the benefits of another's fraud'," and "ICFA does not provide a cause of action for knowing receipt of benefits in violation of the Act." *Jenkins v. Mercantile Mortgage Co.*, 231 F. Supp. 2d 737, 748 (N.D. Ill. 2002) (internal citations omitted) (plaintiff failed to allege any participation in an active scheme or direct action by an assignee of the subject mortgage, and therefore could not state a claim of direct or pre-assignment fraud against the assignee under ICFA). As plaintiffs fail to specifically allege any wrongdoing by Carrington or BONY, their IFCA claim fails. *Id.*; Fed Rule Civ Proc. 8.

Consequently, for all these reasons this Court should dismiss Plaintiffs' ICFA claim with prejudice as to BONY and Carrington.

**IV.     Plaintiffs' Conversion Claim Fails as to BONY and Carrington (Count V).**

Plaintiffs' conversion claim against BONY and Carrington fails as a matter of law because they do not specifically allege that Carrington or BONY took their personal property.

Plaintiffs conversion claim against BONY and Carrington stems from the alleged removal of personal property during the Eviction. *See* Compl., ¶¶ 89-93.  The only specific allegation against BONY and Carrington in this conversion claim is that they "allowed the property to be sold at foreclosure sale and the order approving sale entered." *See* Compl., ¶ 89.

"Conversion is an unauthorized assumption of the right to possession or ownership of personal property."  *Fortech v. R.W. Dunteman Co.,* 366 Ill. App. 3d 804, 809 (1st Dist. 2006).  To prove conversion, a plaintiff must establish that (1) he has a right to the property; (2) he has an absolute and unconditional right to the immediate possession of the property; (3) he made a demand for possession; and (4) the defendant wrongfully and without authorization assumed control, dominion, or ownership over the property. *Cirrincione v. Johnson*, 184 Ill. 2d 109, 114 (1998). However, "[g]enerally under Illinois law, an action for conversion lies only for personal property – not real property." *See e.g., Law v. Yanni*, 2015 IL App (2d) 150108, ¶ 22 (2d Dist. 2015)

Initially, the conversion claim fails because Plaintiffs improperly base their claim on the eviction from the Property.  Plaintiffs do not claim the loss of any personal property, as required. For this reason alone, Plaintiff's conversion claim fails as a matter of law.

Moreover, Plaintiffs do not allege that BONY or Carrington received a demand for possession or that they took part in the eviction or assumed control of the Property afterwards. For this reason as well, Plaintiffs fail to properly allege a Conversion claim.

Therefore, this Court should dismiss the Conversion claim against BONY and Carrington with prejudice because Plaintiffs have not asserted all the required elements.

## V.     Plaintiffs' Trespass Claim Fails as to BONY and Carrington (Count VI).

Plaintiffs trespass claim also fails as a matter of law because BONY and Carrington did not unlawfully evict them. *See* Compl., ¶¶ 96-101. A trespass occurs when a defendant enters a plaintiff's land without "permission, invitation, or other right." *Benno v. Central Lake County Joint Action Water Agency*, 242 Ill. App. 3d 306, 313 (1993). Plaintiffs assert that BONY and Carrington "pursued the foreclosure action despite no longer having any interest in the Subject Property after selling it to Plaintiffs in June 2018 and permitted the property to be sold to Lupera at the sale held pursuant to the judgment of foreclosure." *See* Compl., ¶ 98. Essentially, Plaintiffs claim that the Second Foreclosure Sale eventually caused the Cook County Sheriff's Department to trespass onto the Property and evict them. This fails to establish a claim for Trespass.

Plaintiffs do not allege that Carrington and BONY ordered the lockout or locked them out. Indeed, the 2022 OAS provides LuPera with the authority to possess the Property meaning the trespass claim fails as to all defendants. At the very least, any liability that may exist for Plaintiffs eviction would fall on LuPera and the Cook County Sheriff's Office, not Carrington and BONY

Accordingly, Plaintiffs' trespass claim fails as a matter of law and this Court should dismiss it with prejudice as to BONY and Carrington.

## VI.     Plaintiffs' Trespass to Chattels Claim Fails as to BONY and Carrington (Count VII).

Lastly, Plaintiffs trespass to chattels claim against Carrington and BONY related to personal property purportedly removed during the Eviction fails for the same reasons their conversion claim fails *See* Compl., ¶¶ 103-106.

Trespass to chattels is very similar to a conversion claim. The "difference between the two is a matter of degree." *Obi v. Chase Home Fin., LLC,* Case No. 10-CV-3154, 2010 U.S. Dist. LEXIS 123201, *11 (N.D. Ill. Nov. 19, 2010). Moreover, "[a] complaint must set forth what each

person (or corporation) is accused of doing." *Chamberlain Grp., Inc v. Techtronic Indus. N. Am.*, No. 16 CV 06113, 2017 U.S. Dist. LEXIS 157301, at *7 (N.D. Ill. Sep. 26, 2017), *see also Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013). "A complaint based on a theory of collective responsibility must be dismissed." *Id.* The core of this requirement is to put each defendant on notice as to the scope of the claims against it. *Brooks v. Ross*, 578 F.3d 574, 582 (7th Cir. 2009). "Details about who did what are not merely nice-to-have features of an otherwise-valid complaint; to pass muster under Rule 8 of the Federal Rules of Civil Procedure, a claim to relief must include such particulars." *Atkins v. Hasan*, No. 15 CV 203, 2015 U.S. Dist. LEXIS 80176, at *2 (N.D. Ill. June 22, 2015).

Plaintiffs' trespass to chattels claim does not contain any specific allegations of wrongdoing against BONY or Carrington. Instead, Plaintiffs improperly allege facts against the defendants collectively without distinction or explanation. Plaintiffs' shotgun pleading style in the trespass to chattels count fails to adequately provide notice to BONY or Carrington of the nature and extent of the allegations and thus the claim fails as a matter of law under Rule 8.

Moreover, just as with the conversion and trespass claims, BONY and Carrington were not involved with the Eviction and were never in possession of the Plaintiff's personal property. Accordingly, for this reason as well, this Court should dismiss Plaintiffs' trespass to chattels claim with prejudice as to BONY and Carrington.

## CONCLUSION

For all the reasons outlined herein, Plaintiffs' Complaint is substantively defective on its face and fails to establish any claims against BONY or Carrington as a matter of law. This Court should not allow any opportunity to replead because the defects cannot be cured. Therefore, this Court should enter an order dismissing the Complaint as to BONY and Carrington with prejudice

and without leave to amend and enter judgment in favor of BONY and Carrington.

Dated: June 12, 2023.                    Respectfully Submitted,

                                         MAURICE WUTSCHER, LLP


                                         By: */s/ Daniel S. Miller*
                                         Ernest P. Wagner
                                         Daniel S. Miller
                                         105 W. Madison Street, Suite 603
                                         Chicago, Illinois 60602
                                         Tel.  (312) 416-6170
                                         Fax  (312) 284-4751
                                         dmiller@mauricewutscher.com

                                         *Attorneys for The Bank of New York Mellon*
                                         *FKA The Bank of New York as Trustee for*
                                         *the Benefit of the Certificateholders of the*
                                         *CWABS Inc., Asset-Backed Certificates,*
                                         *Series 2004-5 and Carrington Mortgage*
                                         *Services, LLC*

## CERTIFICATE OF SERVICE

The undersigned declares under penalty of perjury that, on the 12th of June, 2023, copies

of **DEFENDANTS BONY AND CARRINGTON'S MEMORANDUM IN SUPPORT OF**

**MOTION TO DISMISS PLAINTIFFS' COMPLAINT** were served on the parties listed below

via CMS/ECF and electronic mail as follows:

Stephen G. Daday
Nathan Buikema
Klein, Daday, Aretos & O'Donoghue, LLC
1051 Perimeter Dr., Ste. 300
Schaumburg, IL 60173
Email: sdaday@kdaolaw.com
Email: nbuikema@kdaolaw.com
*Attorneys for Plaintiffs*

Johnathon C. Koechley
Matthew R. Henderson
Hinshaw & Culbertson LLP
151 North Franklin Street, Suite 2500
Chicago, IL 60606
Email: jkoechley@hinshawlaw.com
Email: mhenderson@hinshawlaw.com
*Attorneys for Wirbicki Law Group LLC*

Rowland Edwards
Cook County State's Attorney's Office
50 W. Washington, Room 500
Chicago, Illinois 60602
Email: rowland.edwards@cookcountyil.gov
*Attorneys for Sheriff Dart, Officers Romero, Villasenor, and Marin*


/s/ *Daniel S. Miller*
Daniel S. Miller


Dated: June 12, 2023

# Exhibit A

FILED DATE: 6/17/2022 2:29 PM   2012CH29443

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - CHANCERY DIVISION

FILED
6/17/2022 2:29 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2012CH29443
Calendar, 57
18334978

The Bank of New York Mellon FKA )
The Bank of New York as Trustee for the benefit of )
the Certificate Holders of the CWABS Inc., )
Asset-backed Certificates, Series 2004-5; )
)
    Plaintiff, )
)
    v. )
)
Fikret Veljacic; Unknown Heirs and legatees of )
Fikret Veljacic, if any; Unknown Owners and )
Non-record Claimants, )
)
    Defendants, )

12 CH 29443

Calendar 57

Ismet Sharich, Hasan Saric, Damir Saric, and )
Rafja Saric, )
)
    Petitioners, )
)
The Bank of New York Mellon FKA )
The Bank of New York as Trustee for the benefit of )
the Certificate Holders of the CWABS Inc., )
Asset-backed Certificates, Series 2004-5; Fikret Veljacic; )
Unknown Heirs and Legatees of Fikret Veljacic; and )
Carmen LuPera. )
)
    Respondents. )

**2-1401 PETITION TO VACATE**

Petitioners, Ismet Sharich, Hasan Saric, Damir Saric and Rajfa Saric ("Petitioners"), by their attorneys, Plunkett Cooney PC, and Klein, Daday, Aretos, and O'Donoghue, LLC, pursuant to 735 ILCS 5/2-1401, petitions this Court to vacate the judgment of foreclosure and sale dated May 14, 2021, the judicial sale dated January 19, 2022, and the Order Approving Foreclosure Report of Sale and Distribution and Order to Evict and Personal Deficiency entered in this matter

1

FILED DATE: 6/17/2022 2:29 PM   2012CH29443

on February 7, 2022, and for further relief, including an Order which compels Respondent, Carmen LuPera, to turn over the Property (as defined below) to Petitioners, and quiets title to the Property in Petitioners.  In support of the Petition, Petitioners state as follows:

1.      The property that is the subject of these proceedings is commonly known as 9731 Richard Ave., Franklin Park, Illinois 60131 (the "Property").

2.      On or about April 21, 2017, a judicial sale was held wherein plaintiff was the highest bidder, for the Property. The judicial sale was confirmed by this Court pursuant to an order entered on January 16, 2018 (the "2018 OAS"), and the Property was conveyed to BONY by Judicial Sale Deed recorded on February 15, 2022 (the "2018 Judicial Sale Deed"). A true and correct copy of the 2018 Judicial Sale Deed and 2018 OAS is attached hereto as Exhibit 1.

3.      On or about February 13, 2018, Fikret Veljacic ("Veljacic"), defendant in the above referenced foreclosure, filed a notice of appeal.

4.      On or about March 1, 2018, Veljacic filed a motion to stay enforcement of the judgment. That motion was denied on April 2, 2018 by this Court.  A true and accurate copy of the order entered on April 2, 2018, is attached as Exhibit 2.

5.      On or about April 25, 2018, Veljacic's motion to stay enforcement of the judgment was denied by the appellate court.  A true and accurate copy of the appellate court's order of April 25, 2018, is attached as Exhibit 3.

6.      While the appeal was pending,  on or about June 11, 2018[1], Plaintiff, The Bank of New York Mellon f/k/a the Bank of New York as Trustee for the Registered Holders of CWABS, Inc. Asset-Backed Certificates Series 2004-5 ("BONY"), through its servicing agent, Carrington Mortgage Services, LLC, sold the Property to Petitioners. The Property was conveyed to

---

[1] Notably, the appeal was dismissed on June 12, 2018, one day after the Petitioner's Deed was signed, but was reinstated on June 20, 2018.

Petitioners by a Special Warranty Deed recorded in the Office of the Cook County, Illinois Recorder of Deeds as document number 1818644062 (the "Petitioners' Deed"). A copy of the Petitioners' Deed is attached hereto as Exhibit 4.

7. Petitioners have occupied Property as their principal residence since June 2018. See Affidavit of Damir Saric attached hereto as Exhibit 5 ¶ 2.

8. On March 20, 2019, the appellate court vacated the order granting summary judgment and 2018 OAS and remanded the case for further proceedings. See Appellate Court Mandate attached hereto as Exhibit 6.

9. On or about May 14, 2021, this Court once again entered an order for judgment of foreclosure in favor of BONY (the "2021 JOF").

10. On or about January 19, 2022, a second judicial sale was held, and the Property was sold to Respondent, Carmen LuPera.

11. On February 7, 2022, this Court entered an Order Approving Foreclosure Report of Sale and Distribution and Order that directed the Sheriff of Cook County to evict only Fikret Veljacic from the Property (the "2022 OAS"). A true and accurate copy of the 2022 OAS is attached as Exhibit 7.

12. A Judicial Sale Deed was issued to Carmen Lupera and appears to have been recorded on May 10, 2022, as document number 2213019020 (the "LuPera Deed"). A true and accurate copy of the LuPera Deed is attached as Exhibit 8.

13. On May 16, 2022, the Sheriff of Cook County appeared at the Property, broke down the door and wrongfully evicted Petitioners from the Property. Exhibit 5 ¶ 5.

14. The Petitioners were never notified of any activity that occurred in this matter from June 11, 2018, through May 15, 2022. See Exhibit 5 ¶¶ 3, 4.

FILED DATE: 6/17/2022 2:29 PM   2012CH29443

FILED DATE: 6/17/2022 2:29 PM   2012CH29443

15.     The Petitioners were not named in the 2022 OAS, a 90-day demand for possession was never served on Petitioners and a forcible entry and detainer action was not filed by Carmen LuPera. See Exhibit 7; see also Exhibit 5 ¶ 9.

16.     Under Illinois Supreme Court Rule 305(k), the Appellate Court Mandate and subsequent 2021 JOF, 2022 OAS and LuPera Deed are void and have no effect.

17.     Ill. Sup. Ct. R. 305(k) states:

**(k) Failure to Obtain Stay; Effect on Interests in Property**. If a stay is not perfected within the time for filing the notice of appeal, or within any extension of time granted under subparagraph (c) of this rule, the reversal or modification of the judgment does not affect the right, title, or interest of any person who is not a party to the action in or to any real or personal property that is acquired after the judgment becomes final and before the judgment is stayed; nor shall the reversal or modification affect any right of any person who is not a party to the action under or by virtue of any certificate of sale issued pursuant to a sale based on the judgment and before the judgment is stayed. This paragraph applies even if the appellant is a minor or a person under legal disability or under duress at the time the judgment becomes final.

18.     Under Ill. Sup. Ct. R. 305(k), the appeal was rendered moot by virtue of the conveyance of the Property to Petitioners, and the reversal of the 2018 judgement of foreclosure order and 2018 OAS was without effect. *Steinbrecher v. Steinbrecher*, 197 Ill. 2d 514, 523 (2001) ("Courts of review will generally not consider moot or abstract questions because our jurisdiction is restricted to cases which present an actual controversy.")

19.     Illinois Supreme Court Rule 305(k), "protects third-party purchasers of property from appellate reversals or modifications of judgments regarding the property, absent a stay of judgment pending the appeal." *Id.*

20.     Applying Rule 305(k) (formerly Rule 305(j)), the Illinois Supreme Court in *Steinbrecher* held that once the sale was confirmed and the property conveyed by quit claim deed, in the absence of a stay order, the appellate court was unable to vacate the judgment of foreclosure as requested. *Id.* at 532; See also *Northbrook Bank & Tr. Co. v. 2120 Div. LLC*, 2015 IL App (1st)

133426, ¶ 3 ("[I]t is well established that without a stay, an appeal seeking possession or ownership of specific property that has already been conveyed to a third party is moot.")

21.     Here, the first judicial sale was confirmed (Exhibit 1), the Property was conveyed to Petitioners by Special Warranty Deed (Exhibit 4), no stay was perfected – within the time for filing the notice of appeal or otherwise (Exhibits 2 and 3), and Petitioners were not a party to the action. See Exhibit 7; see also Exhibit 5 ¶ 9.

22.     By virtue of the foregoing, there was no actual controversy on appeal and the Appellate Court did not have jurisdiction to vacate the trial court orders. As such, the Appellate Court Mandate was without effect. Consequently, this Court also was without jurisdiction to enter the 2021 JOF and 2022 OAS.

23.     Petitioners were wrongfully evicted from the Property, and have suffered damages as a result, including, but not limited to being displaced, and having personal property unlawfully removed from their residence. Exhibit 5 ¶¶6-8.

24.     Further, for purposes of this Petition, even if the 2021 JOF and 2022 OAS were valid, the eviction of Petitioners still was improper because Lupera failed to comply with 735 ILCS 5/15- 1508(g) by failing to provide the 90 day notice to the occupant (i.e. the Petitioners). Exhibit 5 ¶¶ 3, 4.

*(Continued on Next Page)*

FILED DATE: 6/17/2022 2:29 PM   2012CH29443

FILED DATE: 6/17/2022 2:29 PM   2012CH29443

WHEREFORE, the Petitioners ask this Court to enter an Order:

1.      Granting this petition under 735 ILCS 5/2-1401;

2.      Vacating the judgment of foreclosure and sale dated May 14, 2021, the judicial sale dated January 19, 2022 and the order confirming sale dated February 7, 2022;

3.      Compelling LuPera to immediately turnover possession of the Property to Petitioners, and that all personal property removed from the residence be accounted for and returned with-in 24 hours of the entry of an Order on this Petition;

4.      Declaring Petitioners fully vested with legal title to the Property, free and clear of any interest purportedly held by any of the Defendants or Respondents;

5.      Awarding reasonable attorney's fees and costs to the Petitioners; and

6.      Granting such other and further relief as this court deems just.

Respectfully submitted,

By:     /s/ Melissa J. Lettiere

One of Petitioners' Attorneys


Melissa J. Lettiere (ARDC #: 6291738)
PLUNKETT COONEY, P.C.
221 N. LaSalle Street, Suite 3500
Chicago, Illinois 60601
(312) 970-3434
Attorney No. 61262
mlettiere@plunkettcooney.com

Klein Daday Aretos & O'Donoghue, LLC
1051 Perimeter Dr. Suite 300
Schaumburg, IL 60173
224-265-4337
sdaday@kdaolaw.com
notices@kdaolaw.com

Open.26690.22250.29051394-1

# Exhibit B

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - CHANCERY DIVISION
MORTGAGE FORECLOSURE/MECHANICS' LIEN SECTION

| | | |
|---|---|---|
| The Bank of New York Mellon FKA<br>The Bank of New York as Trustee for the benefit of<br>the Certificate Holders of the CWABS Inc.,<br>Asset-backed Certificates, Series 2004-5; | ) ) ) ) | |
|      Plaintiff, | ) ) | 12 CH 29443 |
| v. | ) ) | Calendar 57 |
| Fikret Veljacic; Unknown Heirs and legatees of<br>Fikret Veljacic, if any; Unknown Owners and<br>Non-record Claimants, | ) ) ) | |
|      Defendants, | ) ) | |
| Ismet Sharich, Hasan Saric, Damir Saric, and<br>Rafja Saric, | ) ) ) | |
|      Petitioners, | ) ) | |
| The Bank of New York Mellon FKA<br>The Bank of New York as Trustee for the benefit of<br>the Certificate Holders of the CWABS Inc.,<br>Asset-backed Certificates, Series 2004-5; Fikret Veljacic;<br>Unknown Heirs and Legatees of Fikret Veljacic; and<br>Carmen LuPera. | ) ) ) ) ) ) | |
|      Respondents. | ) | |

**ORDER**

This matter coming to be heard on Petitioners, Ismet Sharich, Hasan Saric, Damir Saric and Rajfa Saric ("Petitioners") 2-1401 Petition to vacate the judgment of foreclosure and sale dated May 14, 2021, the judicial sale dated January 19, 2022, and the Order Approving Foreclosure Report of Sale and Distribution and Order to Evict and Personal Deficiency entered in this matter on February 7, 2022, and for further relief, a briefing schedule having been set and Respondents having failed to file a written response or objection to Petitioners 2-1401 Petition

within the time prescribed by Court Order entered on July 22, 2022, this matter being heard with due notice having been given to all Parties, Petitioners and Respondents appearing through counsel, and the Court being fully advised in the premises;

The Court makes the following findings of fact and conclusions of law:

1.  Petitioners have standing to file a Petition to Vacate under 735 ILCS 5/2-1401;

2.  Based on the Affidavit of Damir Saric, Carmen LuPera's testimony taken in open

Court at a hearing held on June 22, 2022 and continued for hearing on June 23, 2022, and the

findings made by this Court in its Order entered on June 23, 2022, this Court further finds that:

a.  Petitioners' acquired the real property commonly known as 9731 Richard Ave., Franklin Park, Illinois 60131 (the "Property") pursuant to a Special Warranty Deed recorded in the Office of the Cook County, Illinois Recorder of Deeds as document number 1818644062 (the "Petitioners' Deed"). The Property is legally described as:

LOT 166 IN REUTER'S PARK ADDITION, BEING A SUBDIVISION OF THAT PART OF THE NORTHEAST ¼ OF THE SOUTHEAST ¼ OF SECTION 28, TOWNSHIP 40 NORTH, RANGE 12, EAST OF THE THIRD PRINCIPAL MERIDIAN, LYING SOUTH OF A LINE WHICH IS 215.5 FEET SOUTH OF MEASURED AT RIGHT ANGLES TO THE SOUTH LINE OF GRAND AVENUE, IN COOK COUNTY, ILLINOIS

Commonly known as: 9731 Richard Avenue, Franklin Park, IL 60131

PIN 12-28-426-008-0000

b.  Petitioners acquired the Property during the pendency of an appeal of the order confirming sale entered in this matter on January 16, 2018 (the "2018 OAS"). No stay of execution of the 2018 OAS was entered or was bond posted.
c.  Petitioners have established a clear and ascertainable interest in the Property in need of protection pursuant to the Petitioners' Deed.
d.  Petitioners have established a clear and ascertainable interest in the personal property located at the Property as of May 16, 2022, including, but not limited to furniture, clothing, fixtures, personal documents and papers (the "Personal Property"), and said interest is in need of protection.
e.  Petitioners have established that they will suffer an irreparable harm if the Property and/or Personal Property are wasted, dissipated, encumbered, sold, transferred, conveyed, or otherwise appropriated by Respondent LuPera, and
f.  Petitioners have no adequate remedy at law.

Based on the foregoing findings, Petitioners' §2-1401 Petition is GRANTED. The Court orders that:

  A. Under Illinois Supreme Court Rule 305(k), the judgment of foreclosure and sale entered on May 14, 2021, the judicial sale that occurred on January 19, 2022, the order confirming sale entered on February 7, 2022, and the Judicial Sale Deed that was executed on February 23, 2022, and recorded with the Cook County Clerk on May 10, 2022, as document number 2213019029 are declared void and of no effect and are hereby VACATED;

  B. Legal title to the Property is quieted in Petitioners, free and clear of any interest purportedly held by any of the Defendants or Respondents. The purported right title and interest of Defendant, Fikret Veljacic and Unknown Heirs and Legatees of Fikret Veljacic and Carmen LuPera is hereby terminated;

  C. The temporary injunctive relief granted pursuant to this Court's Order entered on June 23, 2022 is permanent.

  D. Carmen LuPera, and any person or entity acting for, by or through LuPera, are permanently enjoined from encumbering, selling, leasing, transferring, conveying, disbursing, disposing, appropriating, altering, improving, engaging in any construction or demolition, possessing or in any way interfering with Petitioners' access to, possession of, or right to peaceably use and enjoy, the Property and/or the Personal Property.

  E. Petitioners' oral motion to withdraw its Petition to Intervene filed on August 10, 2022 is granted. At the hearing on September 9, 2022, the Court reserved the right to set a briefing schedule on the Petition to Intervene, but since the Court has found that Petitioners have standing under §2-1401 to file the Petition to Vacate without filing a petition to intervene, the Petition to Intervene is rendered moot.

  F. Respondent Fikret Veljacic's oral request for a continuance is denied.

  3. This is a final order and there is no just cause for delay in the enforcement or appeal of this matter.

ENTERED:

ENTERED
Judge Joel Chupack  2227

September 16, 2022

IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

_Joel Chupack_  2227

JUDGE

3