IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Rajfa Saric, *et al.*,

        Plaintiffs,

    v.

Thomas Dart, *et al.*,

        Defendants.

Case No. 23 C 2031

Judge Jorge L. Alonso

## Memorandum Opinion and Order

Plaintiffs bring various claims against several defendants after being evicted from property they lawfully purchased. Three of those defendants have filed motions to dismiss Plaintiffs' claims against them. As explained below, the Court grants the motion to dismiss filed by Defendant Wirbicki Law Group, LLC ("Wirbicki") and grants in part and denies in part the motion to dismiss filed by Defendants Bank of New York Mellon ("BONY") and Carrington Mortgage Services, LLC ("Carrington").

## Background[1]

Several years ago, certain property in Franklin Park, IL (the "Subject Property") was at issue in a foreclosure action in the Circuit Court of Cook County filed by Defendant BONY against Fikret Veljacic. (Compl. ¶ 23, ECF No. 1.) In September 2017, a judicial sale was held in

---

[1] The following factual background is taken from the allegations in Plaintiffs' complaint (ECF No. 1), which are taken as true and construed in Plaintiffs' favor for purposes of Defendants' motions to dismiss. *See Zahn v. N. Am. Power & Gas, LLC*, 815 F.3d 1082, 1087 (7th Cir. 2016). The court also considers "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice," along with additional facts set forth in Plaintiffs' brief opposing dismissal, so long as those additional facts "are consistent with the pleadings." *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1020 (7th Cir. 2013) (internal quotation marks omitted).

which BONY was the highest bidder for the Subject Property. (*Id.* ¶ 24.) The sale was approved in January 2018. (*Id.*) Mr. Veljacic appealed the judgment in the foreclosure action and unsuccessfully moved to stay enforcement of the judgment. (*Id.* ¶¶ 25–27.) In June 2018, BONY, through its servicing agent Carrington, sold the Subject Property to Plaintiffs and conveyed title to it by a special warranty deed that was recorded in July 2018. (*Id.* ¶ 28.) The special warranty deed provided that BONY would defend Plaintiffs' title to the Subject Property "against the lawful claims of all persons whomsoever,"[2] and warranted that the Subject Property "is free of all encumbrances." (ECF No. 1-4 at 2.) Plaintiffs have occupied the Subject Property as their principal residence since then. (Compl. ¶ 29.)

In March 2019, the appellate court reversed the trial court's judgment and confirmation of sale and remanded the foreclosure action for further proceedings. (*Id.* ¶ 30.) In June 2021, the trial court again entered a foreclosure judgment in BONY's favor. (*Id.* ¶ 31.) In January 2022, a second judicial sale of the Subject Property took place, and this time it was sold to Defendant Carmen Lupera even though Plaintiffs had previously bought the property from BONY; Lupera later received a judicial sale deed that was recorded with the Cook County Clerk. (*Id.* ¶¶ 32, 34.) In February 2022, the trial court approved the sale and ordered the Cook County Sheriff to evict Mr. Veljacic from the Subject Property. (*Id.* ¶ 33.)

In May 2022, Cook County Sheriff Deputy Defendants Romero, Villasenor, Munoz, and Marin showed up at the Subject Property, broke down the door, turned over possession to

---

[2] The Court notes that this language aligns with that of a general warranty deed in this respect, notwithstanding the title of the deed. *See* 4 Tiffany Real Prop. § 1011 (3d ed.) ("[T]he covenant of warranty may extend to the acts and claims of all persons whomsoever (general warranty), or it may extend merely to the acts and claims of the grantor and those claiming under him (special warranty)."); *Miller v. Texas & Pac. Ry. Co.*, 132 U.S. 662, 691 (1890) (concluding that a warranty to be free from "all other person or persons whomsoever . . . did contain a general warranty").

Lupera, and evicted Plaintiffs. (*Id.* ¶ 35.) Plaintiffs had not been notified of any of the developments in the foreclosure action from June 2018 until then, had not been named in the sale documents for the second judicial sale or in the eviction petition, and had not received a demand for possession. (*Id.* ¶¶ 36–37.)

Following their eviction, Plaintiffs filed a petition under 735 ILCS 5/2-1401 (the "section 2-1401 petition") in the foreclosure action, seeking to vacate the foreclosure judgment, judicial sale, and order confirming sale, and seeking possession of and title to the Subject Property. (*See* ECF No. 19-1 at 19–24 of 28.)[3] Plaintiffs had also filed a petition to intervene in the foreclosure action, which the court found was moot in light of Plaintiffs' section 2-1401 petition. (*See id.* at 28.) In June 2022, the Circuit Court of Cook County entered a temporary restraining order reinstating Plaintiffs' possession of the Subject Property, and it later vacated the order approving the second sale of the property and voided the deed to Lupera. (Compl. ¶¶ 38–39.)

Plaintiffs then sued Defendants in this Court. Most relevantly, Plaintiffs claim that Defendants BONY and Carrington breached the special warranty deed (Count III) and violated the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/2 (Count IV), by failing to obtain dismissal of the foreclosure action given Plaintiffs' purchase of the Subject Property, failing to inform Plaintiffs that the foreclosure orders were appealed and later vacated, and pursuing and allowing the second judicial sale of the Subject Property. (*See id.* ¶¶ 68–87.) They initially also brought claims of conversion, trespass, and trespass to chattels

---

[3] The Court takes judicial notice of BONY and Carrington's exhibits, which are court filings—Plaintiffs' section 2-1401 petition and a court order—to which Plaintiffs do not object. *See Parungao v. Cmty. Health Sys., Inc.*, 858 F.3d 452, 457 (7th Cir. 2017) (courts considering dismissal for failure to state a claim "may take judicial notice of court filings and other matters of public record when the accuracy of those documents reasonably cannot be questioned").

against BONY and Carrington and other Defendants (Counts V–VII), but have since withdrawn those claims as to BONY and Carrington. (ECF No. 37 at 13.)

Plaintiffs sue Defendant Wirbicki, the law firm that represented BONY and Carrington in the foreclosure action, for aiding and abetting BONY and Carrington in not notifying the state court of the judicial sale of the Subject Property to Plaintiffs and allowing the property to be sold a second time (Count VIII). (*See* Compl. ¶¶ 107–116.)

Defendants BONY and Carrington have moved to dismiss Counts III and IV against them, and Defendant Wirbicki has moved to dismiss Count VIII against it.

## Legal Standard

"A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "'give the defendant fair notice of what . . . the claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Under federal notice-pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* Stated differently, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

4

## Discussion

The Court addresses Defendants' pending motions to dismiss in turn.

### 1. Wirbicki's Motion to Dismiss

Wirbicki moves to dismiss Count VIII, the sole claim brought against it, which alleges that it aided and abetted its clients BONY and Carrington by not notifying the courts in the foreclosure action and appeal regarding the sale of the property to Plaintiffs and allowing it to be sold to Lupera at a second judicial sale. Wirbicki claims it is immune from liability under Illinois's attorney litigation privilege, that Plaintiffs otherwise did not adequately plead their claim, and that Lupera's and the Sheriff's officers' actions were superseding and intervening causes that cut off Wirbicki's potential liability. Plaintiffs dispute each of these grounds.

The Court agrees with Wirbicki that it is entitled to immunity under Illinois's attorney litigation privilege. Illinois recognizes an absolute attorney litigation privilege based on section 586 of the Restatement (Second) of Torts:

> An attorney at law is absolutely privileged to publish defamatory matter concerning another in communications preliminary to a proposed judicial proceeding, or in the institution of, or during the course and as part of, a judicial proceeding in which he participates as counsel, if it has some relation to the proceeding.

Restatement (Second) of Torts § 586 (1977); *see also O'Callaghan v. Satherlie*, 2015 IL App (1st) 142152, ¶ 24, 36 N.E.3d 999 (recognizing the privilege).

"The privilege applies to communications made before, during, and after litigation," as well as to conduct. *O'Callaghan*, 2015 IL App (1st) 142152, ¶ 26; *see also Scarpelli v. McDermott Will & Emery LLP*, 2018 IL App (1st) 170874, ¶ 30, 117 N.E.3d 238, 250 (recognizing that the privilege "applies to actions taken by an attorney in connection with potential litigation just as it does to communications"). Though the Restatement is phrased in

terms of defamation, the privilege extends beyond defamation claims. *See id.; see also Goodman v. Goodman*, 2023 IL App (2d) 220086, ¶ 27, 2023 WL 3608963, *appeal denied*, 221 N.E.3d 386 (Ill. 2023). The privilege "is intended to provide attorneys with the utmost freedom in their efforts to secure justice for their clients." *O'Callaghan*, 2015 IL App (1st) 142152, ¶ 24. "[A]n attorney's motives are irrelevant," and "no liability will attach even at the expense of uncompensated harm to the plaintiff." *Id.* ¶ 25.

Plaintiffs argue that the litigation privilege does not apply because they were not involved in the foreclosure litigation until they filed their section 2-1401 petition. This is irrelevant—"there is no authority for the proposition that a party must be a party to the litigation for the absolute litigation privilege to apply." *Bedin v. Nw. Mem'l Hosp.*, 2021 IL App (1st) 190723, ¶ 47, 187 N.E.3d 739 (quoting *Gorman-Dahm v. BMO Harris Bank, N.A.*, 2018 IL App (2d) 170082, ¶ 34, 94 N.E.3d 257). Wirbicki thus may claim immunity regardless of whether Plaintiffs were involved in the earlier foreclosure action.

Plaintiffs also argue that Count VIII alleges civil aiding and abetting, rather than defamation or other types of claims to which other courts have applied the attorney litigation privilege. However, they point to no case in which a court refused to apply the privilege to an aiding-and-abetting claim and do not explain why the privilege should not apply to such a claim. Indeed, "in recent years, Illinois courts have extended [the privilege] to conduct . . . performed in the practice of law and a variety of non-defamation torts," reflecting "Illinois's policy of protecting zealous advocacy." *Creation Supply, Inc. v. Hahn*, 608 F. Supp. 3d 668, 697 (N.D. Ill. 2022) (citing cases and applying attorney litigation privilege to interference-with-contract claims, even though "no Illinois court has specifically held . . . the privilege applies"), *aff'd sub nom. Creation Supply, Inc. v. Cherrie*, 61 F.4th 511 (7th Cir. 2023). Here, Plaintiffs' Count VIII

targets Wirbicki's litigation-related actions, specifically its communications with courts during the prior foreclosure proceeding, and the Court sees no reason not to apply the attorney litigation privilege to these circumstances. The Court thus grants Wirbicki's motion to dismiss and dismisses Count VIII.

### 2. BONY and Carrington's Motion to Dismiss

BONY and Carrington move to dismiss Plaintiffs' claims against them based on res judicata and failure to state a claim. The Court addresses each ground below.

#### A. Res Judicata

"Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). "Res judicata bars a subsequent action if three requirements are met: '(1) there was a final judgment on the merits rendered by a court of competent jurisdiction; (2) there is an identity of cause of action; and (3) there is an identity of parties or their privies.'" *Whitaker v. Ameritech Corp.*, 129 F.3d 952, 956 (7th Cir. 1997) (quoting *Downing v. Chi. Transit Auth.*, 162 Ill. 2d 70, 642 N.E.2d 456, 458 (1994)).

BONY and Carrington argue that they and Plaintiffs were parties to the foreclosure action and could have raised their breach-of-special-warranty-deed and ICFA claims there. However, as Plaintiffs point out, Plaintiffs were not parties to the foreclosure action itself but instead were parties to their section 2-1401 petition. Those are not the same thing—a section 2-1401 petition is a separate action rather than a continuation of the underlying action. *See* 735 ILCS 5/2-1401(b) ("The petition must be filed in the same proceeding in which the order or judgment was entered but is not a continuation thereof."); *PNC Bank, Nat'l Ass'n v. Kusmierz*, 2022 IL 126606, ¶ 15, 193 N.E.3d 1196 (section 2-1401 proceedings, "though filed in the same case in which the

judgment was entered, are considered an independent and separate action and not a continuation of the underlying litigation"). Plaintiffs thus were not parties to the underlying foreclosure action as BONY and Carrington contend.

Defendants next argue that Plaintiffs could have sought to intervene to bring their claims in the foreclosure action and thus are still subject to res judicata. Even setting aside the fact that Plaintiffs did previously seek to intervene, which was later withdrawn and rendered moot, "[r]egardless of whether [Plaintiffs] . . . could have intervened, the doctrine of *res judicata* does not bar this action." *IFC Credit Corp. v. Magnetic Techs., Ltd.*, 368 Ill. App. 3d 898, 859 N.E.2d 76, 79 (2006) (citing *Sweeting v. Campbell*, 2 Ill. 2d 491, 497–98, 119 N.E.2d 237 (1954)); *see also Sweeting*, 2 Ill. 2d at 497–98 ("[T]he fact [Cambell] might have intervened in that proceeding does not make the decree there entered res judicata of the present controversy."). Plaintiffs were not parties to the foreclosure action itself, and their failure to intervene in the foreclosure action aside from their section 2-1401 petition thus does not subject them to res judicata.

Further, and as BONY and Carrington appear to concede, Plaintiffs could not have raised their current claims in the context of their section 2-1401 petition. An exception to res judicata arises where "[t]he plaintiff was unable to rely on a certain theory of the case or to seek a certain remedy or form of relief in the first action because of the limitations on the subject matter jurisdiction of the courts or restrictions on their authority to entertain multiple theories or demands for multiple remedies or forms of relief in a single action, and the plaintiff desires in the second action to rely on that theory or to seek that remedy or form of relief." Restatement (Second) of Judgments § 26(1)(c) (1982). "[T]he sole inquiry in a section 2-1401 proceeding is whether to grant or deny relief from an order or judgment." *Kelver v. Baczek*, 2014 IL App (2d)

8

130569-U, ¶ 25, 2014 WL 295496. BONY and Carrington give no reason why Plaintiff could have brought their claims and sought their relief as part of their section 2-1401 petition, which would be "not consistent with the overall purpose of a section 2-1401 proceeding." *Id.* Rather, "[b]ecause the trial court's authority in adjudicating plaintiff's section 2-1401 petition was limited to either granting or denying relief from a final judgment, the exception to *res judicata* applies." *Id.* (reversing dismissal based on res judicata). Therefore, Plaintiffs' section 2-1401 petition does not subject them to res judicata for their present claims against BONY and Carrington.

### B. Failure to State a Claim

Defendants BONY and Carrington next argue that Plaintiffs failed to state a breach-of-special-warranty-deed claim (Count III) and ICFA claim (Count IV) against them. As explained below, the Court dismisses Count III as to Carrington but not as to BONY and dismisses IV as to both Defendants.

#### i. Breach-of-Special-Warranty-Deed Claim (Count III)

At the outset, Defendants argue that Count III must be dismissed against Carrington because Carrington was not a party to the special warranty deed with Plaintiffs and signed the deed only as BONY's attorney in fact. The Court agrees. The special warranty deed shows that Carrington signed on BONY's behalf as its agent and not as a party to the deed. (*See* ECF No. 1-4 at 2.) Plaintiffs themselves allege that the deed was conveyed by BONY (not Carrington), that only BONY undertook resulting obligations to defend Plaintiffs' title to the Subject Property, and that Carrington was BONY's "agent and attorney" for the special warranty deed. (Compl. ¶¶ 28, 70–71.) "It is well established that an agent of a disclosed principal is not individually or personally bound by the terms of the contract which he executes on behalf of the principal,

9

where the agency relationship is known to the other party at the time of the contracting, unless he agrees to be personally liable." *Yellow Book Sales & Distrib. Co. v. Feldman*, 2012 IL App (1st) 120069, ¶ 38, 982 N.E.2d 162 (citing cases). Plaintiffs give no reason why this principle does not apply to its breach-of-special-warranty-deed claim as to Carrington. Under Plaintiffs' own allegations, and as plainly reflected in the deed itself, Carrington executed the special warranty deed on BONY's behalf, Plaintiffs were aware of that agency relationship, and Carrington did not agree to be liable under the deed. Plaintiffs thus have not stated a claim for breach of the special warranty deed against Carrington and the Court dismisses Count III against Carrington.

As to BONY, Defendants first argue that Plaintiffs' breach-of-special-warranty-deed claim fails because, eventually, Plaintiffs' section 2-1401 petition was successful and the sale to Lupera was vacated, so there is no longer any alleged breach for Plaintiffs to complain about. This argument ignores the alleged breach and damages Plaintiffs had already suffered by then—losing clean title, being evicted, losing personal possessions, and having to try to void Lupera's title and be granted possession of the Subject Property due to BONY's allegedly failure to defend Plaintiffs' title to that property. Plaintiffs' eventual success in getting the Subject Property back following Defendants' actions does not obviate BONY's prior alleged breach, which had already given rise to a cause of action by that point. *See MiMedx Grp., Inc. v. Fox*, No. 16 CV 11715, 2017 WL 3278913, at *6 (N.D. Ill. Aug. 2, 2017) (rejecting mootness argument for replevin and breach-of-contract claims after property had been returned because "[d]amages may be available, although specific performance is no longer a necessary remedy"); Wright & Miller, 13C Fed. Prac. & Proc. Juris. § 3533.3 (3d ed.) ("The availability of damages or other monetary relief almost always avoids mootness[.]"). Defendants point to no authority suggesting otherwise. Plaintiffs' successful section 2-1401 action thus does not preclude Count III.

Second and relatedly, Defendants argue that because Lupera's deed was eventually deemed invalid, that deed did not give rise to a "lawful claim" against Plaintiffs' title that BONY needed to defend Plaintiffs' title against. Defendants rely on various out-of-state cases finding that a "lawful claim" applies only to interests that are recognized by law as rightful and superior to that reflected in a special warranty deed, and claim that Plaintiffs' successful section 2-1401 petition means there was no lawful claim related to Lupera's deed that was brought against Plaintiffs' title. Defendants' argument fails for the same reason as their preceding one. Though Plaintiffs were eventually able to vacate the sale of the Subject Property to Lupera via their post-judgment section 2-1401 petition, by that point they had been subject to a claim against their title that had resulted in their eviction and other damages because of BONY's alleged conduct in the foreclosure action. Certainly at the dismissal stage, Plaintiffs have adequately pleaded a claim that BONY breached its obligation to defend Plaintiffs' title to the Subject Property "against the lawful claims of all persons whomsoever" given all that transpired, even though Plaintiffs were eventually successful in regaining clean title and possession of the Subject Property. (ECF No. 1-4 at 2.)

Third, Defendants argue that the special warranty deed at issue did not require BONY to tell Plaintiffs about developments in the foreclosure action or about the appeal, and did not prohibit it from pursuing the second foreclosure sale as allowed by the Court. Plaintiffs counter that BONY warranted in the special warranty deed that BONY would defend Plaintiffs' title against lawful claims of all persons whomsoever, which Plaintiffs believe includes not harming Plaintiffs' title by continuing to pursue the foreclosure action. At the pleading stage, Plaintiffs need only allege sufficient facts to state a plausible claim. *See Ashcroft*, 556 U.S. at 678; *see also Wilson v. Career Educ. Corp.*, 729 F.3d 665, 676 (7th Cir. 2013) ("At the pleading stage, Wilson

11

must simply allege a plausible breach of contract theory."). Plaintiffs have adequately pleaded a claim of breach of the special warranty deed based on BONY's actions during the foreclosure action after warranting to protect Plaintiffs' title to the Subject Property. Taking the facts as Plaintiffs plead them and in Plaintiffs' favor, it is plausible that when BONY conveyed title of the Subject Property to Plaintiffs but then kept quiet in its own foreclosure action and allowed the Subject Property to be deeded to another party, it breached its obligations under the special warranty deed.

Finally, Defendants argue that the economic loss doctrine bars recovery for emotional distress damages for Count III. "The *Moorman* doctrine, also known as the economic loss doctrine, states that there can be no recovery in tort for purely economic losses." *Flores v. Aon Corp.*, 2023 IL App (1st) 230140, ¶ 56 (citing *Moorman Mfg. Co. v. Nat'l Tank Co.*, 91 Ill. 2d 69, 435 N.E.2d 443 (1982)). It therefore "bars recovery in tort for purely economic losses arising out of a failure to perform contractual obligations." *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 567 (7th Cir. 2012). As Plaintiffs point out, their breach-of-special-warranty-deed claim does not seek recovery for purely economic losses—among other things, it requests damages "for the emotional distress, embarrassment, humiliation, and the loss of the possession of the residence as well as the damage to the property and loss of personal possessions suffered by Plaintiffs." (Compl. ¶ 77.) The economic loss doctrine thus does not apply. *See Moorman*, 435 N.E.2d at 449 (defining economic loss not to include "any claim of personal injury or damage to other property"). Accordingly, the Court denies Defendants' motion to dismiss Count III against BONY.

12

### ii. ICFA Claim (Count IV)

Defendants also challenge Plaintiffs' Count IV, which alleges that BONY and Carrington's conduct included deceptive and unfair practices under the ICFA and requests resulting compensatory and punitive damages and other relief.

Defendants first argue that Plaintiffs' ICFA claim merely repeats their breach-of-special-warranty-deed claim and thus may not be independently considered. "A breach of contractual promise, without more, is not actionable under the Consumer Fraud Act." *Avery v. State Farm Mut. Auto. Ins. Co.*, 216 Ill. 2d 100, 169, 835 N.E.2d 801 (2005). Rather, there must be "an additional allegation that such a practice is part of a pattern of the defendant's commercial activities." *Walker v. Quality Craft, Inc.*, 2022 IL App (2d) 210081-U, ¶ 44, 2022 WL 1124877 (citing cases), *appeal denied*, 197 N.E.3d 1078 (Ill. 2022).

Defendants are correct that much of Plaintiffs' ICFA claim mirrors their breach-of-special-warranty-deed claim. For example, both claims point to Defendants' allegedly wrongful conduct of failing to inform Plaintiffs regarding developments in the foreclosure, failing to inform the courts of Plaintiffs' title to the Subject Property, and continuing to litigate the foreclosure action. However, Plaintiffs additionally allege for their ICFA claim that "Defendants engaged in unfair practices in not having appropriate safeguards, procedures and standards in place to ensure that property sold to third parties would not continue through the foreclosure process." (Compl. ¶ 83.) As Plaintiffs point out, this is an additional alleged basis for ICFA liability, and Defendants do not respond or argue why this additional allegation does not preclude dismissal. Given this, the Court concludes at this stage that Count IV does not rely solely on Defendants' breach of the special warranty deed and does not dismiss Count IV on that basis. *See Parrot v. Family Dollar, Inc.*, No. 17 C 222, 2019 WL 4573222, at *4 (N.D. Ill. Sept. 20, 2019)

13

("Courts have allowed ICFA claims to proceed where a plaintiff alleges deceptive conduct beyond a breach of warranty.").

Next, Defendants claim that Plaintiffs' ICFA claim fails because it does not adequately allege each defendant's specific participation in the wrongful conduct but instead lumps Defendants together. The Court agrees. Because Plaintiffs' claim is based not only on allegedly unfair practices but also on allegedly deceptive acts, the heightened pleading standard of Federal Rule of Civil Procedure 9(b) applies and requires Plaintiffs to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b); *Benson v. Fannie May Confections Brands, Inc.*, 944 F.3d 639, 646 (7th Cir. 2019). "This means as a practical matter that [a plaintiff] must identify the 'who, what, when, where, and how' of the alleged fraud." *Benson*, 944 F.3d at 646. A complaint fails if it "lumps all the defendants together and does not specify who was involved in what activity." *Sears v. Likens*, 912 F.2d 889, 893 (7th Cir. 1990).

Plaintiffs' claim refers to neither BONY nor Carrington but instead collectively to "Defendants" and their actions. (*See* Compl. ¶¶ 78–85.) For Defendant Carrington in particular, Plaintiffs' factual allegations include nothing except that Carrington was BONY's servicing agent during the sale of the Subject Property to Plaintiffs. Plaintiffs do not otherwise indicate Carrington's involvement in the allegedly wrongful conduct or distinguish it from BONY's involvement—they also do not allege BONY's involvement throughout the foreclosure action except by implication. In Count IV, Plaintiffs merely state that "Defendants" collectively committed various wrongs without alleging who did what to give rise to Plaintiffs' ICFA claim. Indeed, the sole case Plaintiffs cite included specific allegations that a particular defendant, who also was the employee of the other defendant, made a misrepresentation that gave rise to an ICFA claim—more than Plaintiffs offer against BONY and Carrington. *See Golf v. Henderson*, 376 Ill.

14

App. 3d 271, 276, 876 N.E.2d 105 (2007). By not indicating which Defendant did what for their ICFA claim, Plaintiffs have failed to state a claim and the Court dismisses Count IV.

Plaintiffs have summarily asked to replead any claims the Court dismisses based on Defendants' motion to dismiss, but have not explained why amendment is appropriate given the Court's particular dismissal grounds reflected in today's order. *See Loughran v. Wells Fargo Bank, N.A.*, 2 F.4th 640, 651 (7th Cir. 2021) (affirming denial of leave to amend where the plaintiffs "asked to amend only in a single sentence at the close of their response to the defendants' motion to stay or dismiss," which "furnished none of the necessary details, such as how the amended complaint would be different or which defects it would cure"). If Plaintiffs believe amendment is warranted for any claim in light of today's order, they should file a properly supported motion for leave to amend their complaint, which the Court may then consider. *See* Fed. R. Civ. P. 15(a).

## Conclusion

The Court grants Wirbicki's motion to dismiss (ECF No. 18) and dismisses Plaintiffs' Count VIII. The Court grants in part and denies in part BONY and Carrington's motion to dismiss (ECF No. 19), dismisses Count III as to Carrington, and dismisses Count IV in its entirety. BONY's answer to Plaintiffs' complaint is due fourteen days after entry of this order. *See* Fed. R. Civ. P. 12(a)(4)(A).

The Court orders the parties to file a joint initial status report in accordance with the Court's case procedures by February 28, 2024. The Court sets a telephonic status hearing for March 6, 2024, at 9:30 a.m.

**SO ORDERED.**                                                                 ENTERED: February 16, 2024

_____
**HON. JORGE ALONSO**
**United States District Judge**