IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION

| | | |
|---|---|---|
| Rajfa Saric, an individual; Damir Saric, an individual; Hasan Saric, an individual; Ismet Sharich, an individual | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 1:23-cv-02031 |
| Thomas Dart, Sheriff of Cook County; Deputy Sheriff Robert Romero; Deputy Sheriff Israel Villasenor; Deputy Sheriff Wanda E. Munoz; Deputy Sheriff Marvin Marin; Cook County; The Bank of New York Mellon FKA The Bank of New York as Trustee for the Benefit of the Certificate Holders of the CWABS Inc., Asset-Backed Certificates, Series 2004-5; Carmen Lupera, an individual | ) ) ) ) ) ) ) ) ) ) | Judge: Honorable. Jorge L. Alonso<br><br>Magistrate Judge: Honorable Jeannice W. Appenteng |
| Defendants. | ) | |

**JOINT STATUS REPORT**

The parties have conferred as required by Rule 26(f), and jointly submit the following status report and discovery plan. See Order entered April 30, 2024 (Doc. 64); Fed. R. Civ. P. 26(f)(2); Fed. R. Civ. P. 26(f)(3); Fed. R. Civ. P. 16(b).

**1.     Description of Claims and Relief Sought**

Plaintiffs' attorney: Stephen G. Daday is lead trial attorney.  Klein, Daday, Aretos & O'Donoghue, LLC.

Defendants' Attorneys:

The Bank of New York Mellon FKA The Bank of New York as Trustee for the Benefit of the Certificateholders of the CWABS Inc., Asset-Backed Certificates, Series 2004-5 ("Trustee"):  Kevin Hudspeth, Dinsmore & Shohl LLP.

Thomas Dart, Sheriff of Cook County; Deputy Sheriff Robert Romero; Deputy Sheriff Israel Villasenor; Deputy Sheriff Marvin Marin; Deputy Sheriff Wanda Munoz and Cook County: James O'Connor, Cook County State's Attorney's Office.

Carmen Lupera: Defendant Carmen Lupera has not filed an appearance in this matter and an order of default has been entered by Judge Alonso on April 10, 2024 .

**Basis Alleged for the Court's Federal Jurisdiction.**

Plaintiffs allege that this Court has federal jurisdiction over the claims against Thomas Dart, Sheriff of Cook County, Deputy Sheriff Robert Romero, Deputy Sheriff Israel Villasenor, Deputy Sheriff Marvin Marin, and Deputy Sheriff Wanda E. Munoz under Sections 28 USC § 1331 and 1343(a)(3) and (4). Plaintiffs allege that this court has federal jurisdiction over the claims against the remaining defendants due to pendant state law claims under 28 USC § 1367. Jurisdiction is not currently disputed based on the facts as pled, but to the extent necessary, Trustee reserves the right to challenge Plaintiffs' Article III standing if appropriate at later stages in these proceedings and/or to challenge supplemental jurisdiction in the event Plaintiffs' federal law claims are dismissed or resolved.

**Summary of Claims Asserted.**

This lawsuit stems from the alleged unlawful eviction of the plaintiffs who had purchased their home from Trustee through its alleged agent, Carrington Mortgage Services, LLC following the completion of a state court foreclosure action that was appealed by the borrower. Plaintiffs allege that the appellate court was not advised of the sale of the property during the pendency of the appeal and ultimately reversed the orders that had allowed the original foreclosure sale to Trustee to proceed. On remand, the court in the foreclosure allowed a new foreclosure sale, and the subject property was sold to Carmen Lupera at the second foreclosure sale. At the request of Carmen Lupera, Deputy Sheriff Robert Romero, Deputy Sheriff Israel Villasenor, Deputy Sheriff Marvin Marin, and Deputy Sheriff Wanda E. Munoz

evicted the plaintiffs from their home before Carmen Lupera had obtained an eviction order against the plaintiffs.

### Claims Remaining

**(1) Count I – 42 USC §1983 Due Process Violations**
Against Defendants Thomas Dart, Sheriff of Cook County; Deputy Sheriff Robert Romero; Deputy Sheriff Israel Villasenor, Deputy Sheriff Wanda E. Munoz; and Deputy Sheriff Marvin Marin.

**(2) Count II – 42 USC ¶1983 Fourth Amendment Violations**
Against Defendants Thomas Dart, Sheriff of Cook County; Deputy Sheriff Robert Romero; Deputy Sheriff Israel Villasenor, Deputy Sheriff Wanda E. Munoz; and Deputy Sheriff Marvin Marin.

**(3) Count III – Breach of Special Warranty Deed**
Against The Bank of New York Mellon FKA The Bank of New York as Trustee for the Benefit of the Certificateholders of the CWABS Inc., Asset-Backed Certificates, Series 2004-5.

**(4) Count V – Conversion**
Against Defendants Thomas Dart, Sheriff of Cook County; Deputy Sheriff Robert Romero; Deputy Sheriff Israel Villasenor, Deputy Sheriff Wanda E. Munoz; and Deputy Sheriff Marvin Marin and Carmen Lupera.

**(5) Count VI – Trespass**
Against Defendants Thomas Dart, Sheriff of Cook County; Deputy Sheriff Robert Romero; Deputy Sheriff Israel Villasenor, Deputy Sheriff Wanda E. Munoz; and Deputy Sheriff Marvin Marin and Carmen Lupera.

**(6) Count VII – Trespass to Chattels**
Against Defendants Thomas Dart, Sheriff of Cook County; Deputy Sheriff Robert Romero; Deputy Sheriff Israel Villasenor, Deputy Sheriff Wanda E. Munoz; and Deputy Sheriff Marvin Marin and Carmen Lupera

**(7) Count IX – Indemnification**
Against Cook County

### Affirmative Defenses

(1) Affirmative Defenses Raised by Defendants Thomas Dart, Sheriff of Cook County; Deputy Sheriff Robert Romero; Deputy Sheriff Israel Villasenor, Deputy Sheriff Wanda E. Munoz; Deputy Sheriff Marvin Marin and Cook County:
   a. Qualified Immunity
   b. Quasi – Judicial Immunity
   c. Comparative Fault
   d. Failure to Mitigate

(2) Affirmative Defenses Raised by Defendant The Bank of New York Mellon FKA The Bank of New York as Trustee for the Benefit of the Certificateholders of the CWABS Inc., Asset-Backed Certificates, Series 2004-5:
  a. No Injury in Fact;
  b. Failure to state a claim for which requested relief can be granted;
  c. Failure to mitigate damages;
  d. Damages were caused by Plaintiffs' own acts or omissions;
  e. Damages were caused by individuals/entities over which Defendant had no control;
  f. Damages were caused by an intervening and superseding event;
  g. Doctrines of Express/Implied Waiver
  h. Mootness;
  i. Reservation of right to assert further affirmative defenses.

**Relief Sought – Itemization of Damages**

Plaintiffs seek compensatory damages in excess of $100,000.00 for violation of their constitutional rights, property damage, emotional distress and attorney fees and costs incurred in the state court matter and this matter.

1. Damage to Personal Property and Replacement of Personal Property: $130,000.00;

2. Medical Bills: $5,000:

3. Violation of Constitutional Rights, Emotional Distress: $650,000.00 per Plaintiff: Total: $2,600.00.00

4. Attorney's Fees and Costs incurred to date: $100,000.00.

5. Total Compensatory Damages: $2,835,000.00.

6. Humiliation: $165,000.00.

**2. Referral Cases**

The matter was referred by order of Judge Alonso.

**3. Discovery Schedule**

Judge Alonso has set the following discovery schedule:

Fed R. Civ. P. 26(a)(1) April 10, 2024. The parties have exchanged initial disclosures.

Written Discovery to be served: May 26, 2024.

Fact Discovery to be completed by August 30, 2024.

The parties have initiated written discovery on or before May 26, 2024. Responses to the written discovery are to be submitted on or before June 25, 2024. No depositions have yet been taken. The Court entered a confidentiality order to govern discovery on May 29, 2024.. Plaintiff has or will subpoena records of Carrington Mortgage Services and the Wirbicki Law Group. To date no discovery disputes are forthcoming. The Court did not set any deadlines for expert discovery.

4. Any ESI discovery has not been initiated but anticipate that it will be initiated. No disagreements have arisen between the parties on that issue.

5. **Settlement Discussions**

The parties have had preliminary settlement discussions and Plaintiff has provided a demand.

The parties believe that a settlement conference may be productive after the completion of written discovery.

6. **Consent**

The referral is for discovery supervision and settlement. The parties would like to defer a determination of consent for trial and judgment.

7. Pending Motions. None.

8. Trial. A jury trial is requested.

9. Other Matters. Plaintiffs wish to advise the Court that the original Borrower and Defendant in the underlying foreclosure has filed an appeal in the Illinois Appellate Court seeking to reverse the state court trial judge's orders granting the Plaintiffs' 2-1401 Petition which voided the judgment in the underlying foreclosure and vacated the judicial sale, the Order Approving Sale and Order of Possession and the subsequent judicial sales deed, and which restored Plaintiffs' ownership interests and rights in the subject property.

Plaintiffs

/s/ Stephen G. Daday
By One of Their Attorneys

Stephen G. Daday (IL Bar - 3127015)
Klein, Daday, Aretos, & O'Donoghue, LLC
Attorneys for Plaintiff
1051 Perimeter Dr., Suite 300
Schaumburg, IL 60173
(847) 590-8700
(847) 590-9825 (fax)
kdaonotices@kdaolaw.com
sdaday@kdaolaw.com

The Bank of New York Mellon FKA The Bank of New York as Trustee for the Benefit of the Certificateholders of the CWABS Inc., Asset-Backed Certificates, Series 2004-5

/s/ Kevin Hudspeth
Kevin Hudspeth
Dinsmore & Shohl LLP
255 E 5th Street
Suite 1900
Cincinnati, OH 45202
Kevin.Hudspeth@Dinsmore.com


Thomas Dart, Sheriff of Cook County, Deputy Sheriff Robert Romero, Deputy Sheriff Israel Villasenor, Deputy Sheriff Marvin Marin, and Deputy Sheriff Wanda E. Munoz

/s/ James O'Conner
James O'Connor
Cook County States Attorneys Office
500 Richard J. Daley Center – 5th Floor
Chicago, IL 60602
james.oconnor@cookcountysao.org