**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Rajfa Saric *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 23 C 2031 |
| v. | ) | |
| | ) | Judge Jorge L. Alonso |
| Thomas Dart *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

After being evicted from lawfully purchased property, Plaintiffs filed this lawsuit alleging various claims against Defendants. In Count III, Plaintiffs allege that Defendant The Bank of New York Mellon ("BONY") breached a warranty deed. BONY moves for summary judgment on Count III. For the reasons stated below, the motion is denied in part and granted in part.

### Legal Standard

Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Horton v. Pobjecky*, 883 F.3d 941, 948 (7th Cir. 2018). A genuine dispute as to any material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). "[S]peculation is not enough to create a genuine issue of fact for the purposes of summary judgment." *Tousis v. Billiot*, 84 F.4th 692, 696 (7th Cir. 2023) (citations omitted). Rather, the parties must support their arguments by citing particular parts of the record, including depositions, documents, declarations, and stipulations. *Horton*, 883 F.3d at 948. The Court views the facts and draws all reasonable inferences in the light most favorable to the nonmovant. *Id.*

## Background

This lawsuit involves the property located at 9731 Richard Avenue, Franklin Park, Illinois (the "Property"). R. 152 ¶ 2. In 2004, Fikret Veljacic obtained a mortgage to purchase the Property. *Id.* In 2017, BONY purchased the Property in a foreclosure sale. *Id.* ¶ 6. The foreclosure court confirmed the foreclosure sale to BONY in January 2018 and Veljacic filed an appeal in February 2018. *Id.* ¶¶ 7–8.

On June 7, 2018, with the appeal still pending, BONY entered into a Purchase and Sale Agreement for the Property with Plaintiffs Rajfa Saric, Damir Saric, Hasan Saric, and Ismet Sharich. *Id.* ¶ 11. On June 11, 2018, BONY's attorney executed a deed for the Property, which was ultimately recorded on July 5, 2018 in the Official Records of the Cook County, Illinois, Recorder of Deeds as Document Number 1818644062 (the "Deed"). *Id.* ¶ 18. The sale closed on June 28, 2018, and BONY's attorney delivered the Deed to the Plaintiffs that day. *Id.* ¶ 21.

The Deed was titled "Special Warranty Deed." R. 131-4 at 67. The Deed stated that BONY "for and in consideration of the sum of $119,500, and other valuable considerations, receipt whereof is hereby acknowledged, hereby grants, bargains, sells[,] assigns, remiss, releases, conveys and confirms [the Property] unto the [Plaintiffs]." *Id.* The Deed further stated that BONY was "to convey the title by special warranty deed without any other covenants of title or the equivalent for the state the property is located." *Id.* Finally, the Deed stated that BONY "hereby covenants with [Plaintiffs] that [BONY] is lawfully seized of said land in fee simple; that [BONY] has good right and lawful authority to sell and convey the land, hereby specially warrants the title to said land and will defend the same against the lawful claims of all persons whomsoever; and that said land is free of all encumbrances." *Id.* at 68.

2

Neither the Purchase and Sale Agreement nor the Deed notified Plaintiffs that there was a pending appeal related to the foreclosure. R. 156 ¶ 2. BONY remained involved in the appeal, which led to a second judgment of foreclosure and a second foreclosure sale in January 2022, where Carmen Lupera outbid BONY for the Property. R. 152 ¶¶ 35–39. As a result of the sale, an order was entered to evict Veljacic. *Id.* ¶ 41. Despite the fact that the eviction order had been for Veljacic rather than Plaintiffs, when deputies from the Cook County Sheriff's Office arrived at the Property, they evicted Plaintiffs and transferred possession of the property to Lupera. *Id.* ¶ 59. Following the eviction, Plaintiffs filed this lawsuit. *Id.* ¶ 76. BONY now moves for summary judgment on Count III. R. 130.

## Discussion

### 1. Breach

BONY argues that it did not breach the Deed. R. 130-1 at 5. To support this position, BONY sets forth the following multi-step argument. First, BONY notes that the Deed was titled a "Special Warranty Deed" and that the Deed "hereby grants, bargains, sells[,] assigns, remiss, releases, conveys and confirms [the Property] unto the [Plaintiffs]." *Id.* at 6–7 (citing R. 131-4 at 67). Second, BONY cites the Illinois Conveyances Act (the "Act") which provides that deeds with the "the words 'grant,' 'bargain' and 'sell,'" are "sometimes referred to as special warranty deeds." *See* 765 ILCS 5/8. Third, BONY emphasizes that the Act places certain limitations on the extent of a grantor's obligations in special warranty deeds. R. 130-1 at 6–7. Under the Act and as relevant, special warranty deeds include a covenant that the property was "free from encumbrances *done or suffered by or through the grantor . . .* [and] that that the grantor will warrant and defend the premises against the lawful claims and demands of all persons claiming through the grantor *but none other*." 765 ILCS 5/8 (emphasis added). Fourth, BONY argues that under *Aurora*,

3

"'encumbrances done or suffered from [BONY]' means encumbrances arising by virtue of some act that BONY took or failed to take when it had title." R. 130-1 at 7 (citing 765 ILCS 5/8 and *Chi. Title Ins. v. Aurora Loan Services*, 2013 IL App (1st) 123510, ¶ 21). Fifth, BONY contends that the alleged inaction—for example that BONY permitted Lupera to purchase the Property at the second foreclosure sale and thus failed to defend the Property against other encumbrances—took place after BONY had transferred title to Plaintiffs, and thus that BONY cannot be liable under the definition of a special warranty deed as set forth in the Act. R. 130-1 at 8.

These arguments fail for the following reason. The parties did not sign the Illinois Conveyances Act. Instead, they signed a specific Deed which requires that BONY defend the Property "against the lawful claims of *all persons whomsoever*" and further provides that the Property is "free of *all* encumbrances." R. 131-4 at 68 (emphasis added). This language does not impose a time restriction, and it does not provide that BONY only needs to act if the claim against the Property was made through BONY. To the contrary, it imposes an affirmative obligation that BONY must defend the Property from claims of all persons. In other words, the Deed actually signed by the parties imposes substantial, additional obligations on BONY as compared to the language of the Illinois Conveyance Act.

To this end, the parties were not required to sign a special warranty deed that accords precisely with the Illinois Conveyance Act. "Illinois law and public policy permit and require freedom of contract between competent parties." *Northeast Illinois Reg'l Commuter R.R. Corp. v. Kiewit W. Co.*, 396 F. Supp. 2d 913, 919 (N.D. Ill. 2005). Indeed, the Act itself provides that "special warranty deeds[] *may* be substantially in the following form" defined by the Act, not that they *must*. 765 ILCS 5/8 (emphasis added). The Act also provides that covenants described in the Act may be "limited by express words contained in such deed." *Id.* The parties freely entered the

4

Deed at issue in this case. Yet BONY's motion for summary judgment ignores the plain language of the Deed and focuses exclusively on the hypothetical language of a special warranty deed as set forth in the Act. When interpreting a contract, the "starting point for the Court's analysis is the language of the contract alone, as the language, given its plain and ordinary meaning, is the best indication of the parties' intent." *Urb. 8 Fox Lake Corp. v. Nationwide Affordable Hous. Fund 4, LLC*, 431 F. Supp. 3d 995, 999 (N.D. Ill. 2020) (citations omitted). Here, because BONY fails to analyze the plain language of the Deed actually at issue in this case, BONY's arguments regarding breach are denied.

### 2. Damages

BONY also argues that Plaintiffs should be barred from recovering emotional distress damages. R. 130-1 at 14. Under Illinois law, damages for breach of contract "will not be given as compensation for mental suffering, except where the breach was wanton or reckless and caused bodily harm, or where defendant had reason to know, when the contract was made, that its breach would cause mental suffering for reasons other than mere pecuniary loss." *Parks v. Wells Fargo Home Mortg., Inc.*, 398 F.3d 937, 940–41 (7th Cir. 2005). In other words, the "breach must amount to an independent tort and there must be proper allegations of malice, wantonness or oppression." *Id.* at 941 (citations omitted).

In *Parks*, the plaintiffs claimed that "because they stood to lose their home if the taxes were not paid correctly, that emotional damages [were] appropriate." *Id.* But as the Seventh Circuit explained, "this is merely to say that the damages from this breach of contract are particularly serious, not that the case presents something more than a contractual issue." *Id.* The Seventh Circuit further explained that there was "no evidence in the record that [the defendant] failed to pay the [plaintiffs'] taxes out of malice or wantonness or oppression," rather than mistake. *Id.*

This case is similar. The stakes were high in that Plaintiffs were evicted from their home following the second foreclosure sale. But this does not mean that the case presents something more than a contractual issue. And likewise, here, Plaintiffs fail to cite any evidence in the record that BONY was motivated by malice, wantonness, or oppression rather than mistake. *See* R. 151 at 13–14. For these reasons, BONY's arguments regarding damages are granted.

## Conclusion

For the reasons stated above, BONY's motion [130] for summary judgment is denied in part and granted in part. Plaintiffs may proceed on Count III, but they may not seek damages for emotional distress. By 1/26/26, the parties shall submit a joint status report setting forth next steps in this case in light of the Court's ruling.

**SO ORDERED.**                                          **ENTERED: January 14, 2025**

**HON. JORGE L. ALONSO**
**United States District Judge**